OPINION
{¶ 1} Defendant-appellant, Harold Hampton, appeals the decision of the Butler County Court of Common Pleas sentencing him for burglary, aggravated burglary, kidnapping, and inducing panic. We affirm the common pleas court's decision.
 {¶ 2} In August 2002, appellant broke into the apartment where his wife and the couple's three-year-old daughter were staying. At the time, appellant's wife had a temporary protection order against appellant. Appellant threatened to kill both his wife and his daughter with a knife, and did not allow them to leave. Appellant later forced his wife to have sexual intercourse with him.
 {¶ 3} In October 2002, appellant was indicted on two counts of aggravated burglary in violation of R.C. 2911.11, four counts of kidnapping in violation of R.C. 2905.01, one count of rape in violation of R.C. 2907.02, and one count of inducing panic in violation of R.C. 2917.31. In December 2002, appellant pled guilty to the following offenses: one count of burglary in violation of R.C. 2911.12, a second-degree felony; one count of aggravated burglary in violation of R.C. 2911.11, a first-degree felony; two counts of kidnapping in violation of R.C. 2905.01, both second-degree felonies; and one count of inducing panic in violation of R.C. 2917.31, a first-degree misdemeanor. The common pleas court subsequently convicted appellant of these offenses.
 {¶ 4} After a sentencing hearing, the common pleas court sentenced appellant to ten years in prison for the aggravated burglary conviction consecutive to five years for the burglary conviction. The court sentenced appellant to eight years for each of the kidnapping convictions and six months for the inducing panic conviction, those sentences to be served concurrently to the sentences for the burglary and aggravated burglary convictions.
 {¶ 5} Appellant now appeals the common pleas court's sentencing decision, assigning one error as follows:
 {¶ 6} "The trial court erred to the prejudice of defendant-appellant by imposing a maximum term of imprisonment which sentence was contrary to law."
 {¶ 7} In this assignment of error, appellant argues that the common pleas court erred by failing to state its reasons for imposing the maximum sentence of ten years for the aggravated burglary conviction. Appellant argues that the case should therefore be remanded for re-sentencing.
 {¶ 8} Before imposing a maximum prison sentence, the sentencing court must find that the offender committed the worst form of the offense, the offender poses the greatest likelihood of committing future crimes, the offender is a "major drug offender," or the offender is a "repeat violent offender." R.C.2929.14(C). When imposing a maximum sentence, R.C.2929.19(B)(2)(d) requires the sentencing court to give reasons for imposing such a sentence. The sentencing court must make its findings regarding maximum sentences and give the reasons for those findings on the record at the sentencing hearing. SeeState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, and State v. Newman, 100 Ohio St.3d 24,2003-Ohio-4754.
 {¶ 9} In State v. Ebbing, Butler App. No. CA2003-05-041, 2003-Ohio-5877, ¶ 17, we held that while aligning the reasons with the specific statutory findings is the ideal practice, failing to do so is not error if it is clear from the record that the sentencing court considered how the statutory factors applied to the facts of the case. In so holding, we noted that the rationale behind aligning the statutory findings with the reasons is so that the "findings and reasons * * * [are] articulated so that an appellate court can conduct a meaningful review of the sentencing decision." Ebbing at ¶ 17, quoting Comer at ¶ 21. In Ebbing, while the sentencing court did not align the statutory findings with its supporting reasons, we found no error because it was clear that the court considered how the statute applied to the facts of the case. Ebbing at ¶ 17.
 {¶ 10} In this case, the court stated the following at the sentencing hearing:
 {¶ 11} "Well, for the record, the Court wants to make some statements, which is that this is an offense in which, according to my records, this defendant has been previously to prison no less than four separate times; that obviously he was sentenced once before in a similar offense in the state of Kentucky. Obviously, that prison sentence did not defer [sic] him from other conduct; that quite honestly, this Court considers the defendant quite dangerous. The maximum that I can impose under Ohio law is 15 years mandatory time [ten years for the aggravated burglary conviction, five years for the burglary conviction]. And that is exactly what I am going to do." The court then gave appellant the maximum sentence for the aggravated burglary charge. Shortly thereafter, the court made the required finding for imposing a maximum sentence orally on the record. The court stated that "this defendant is of [the] greatest likelihood to commit future offenses."
 {¶ 12} We find no error in this case. While the court did not precisely "align" its finding with the supporting reasons, we find it clear from the record that the court considered how R.C.2929.14(C) applied to the facts of the case. Based on our decision in Ebbing, we find that the common pleas court complied with R.C. 2929.14(C) and relevant case law when it made the finding and gave the reasons supporting the finding orally on the record at the sentencing hearing. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 13} Judgment affirmed.
Valen, P.J., and Young, J., concur.