OPINION
{¶ 1} Defendant-appellant, Brian Grimsley, appeals his conviction and sentence for sexual battery in the Butler County Court of Common Pleas. We affirm the conviction, and vacate the sentence and remand for re-sentencing for the reasons outlined below.
 {¶ 2} Appellant is A.A.'s stepfather. A.A. testified that appellant has lived with her, her mother, and her siblings for approximately 14 years. At the time of trial, A.A. was 15 years old.
 {¶ 3} According to A.A., appellant touched her "in places that he shouldn't have" from the time she was six years old until the age of 14. A.A. testified that appellant fondled her, put his fingers inside her vagina, performed cunnilingus on her, and had her perform oral sex on him. A.A. estimated that appellant molested her on a weekly basis.
 {¶ 4} A.A. ran away from home while the family was living in Hamilton, Ohio. Detective James Smith of the Hamilton Police Department followed her "to make sure she got home." While fighting with her mother about running away, A.A. told Detective Smith that appellant had been molesting her.
 {¶ 5} On May 16, 2002, Detective Smith interviewed A.A. She described the incidents of molestation by appellant. On May 21, 2002, Detective Smith spoke with appellant after reading him hisMiranda rights. He signed a written statement in which he denied any attempt to have any sexual conduct with A.A.
 {¶ 6} Detective Smith asked appellant to return for a second interview and to submit to a polygraph examination. On May 28, 2002, appellant took a polygraph examination administered by Sergeant Mark Thomas of the Hamilton Police Department. Appellant executed a Miranda card and a consent form before taking the polygraph.
 {¶ 7} Sergeant Thomas graded the charts and determined that appellant's answers were deceptive. Sergeant Thomas told appellant his test results. Appellant then confessed to three incidents of molesting A.A. and performing cunnilingus on her. He then gave Detective Smith a written statement to that effect.
 {¶ 8} A grand jury charged appellant with four counts of sexual battery. Appellant filed a motion to suppress the confession as involuntary and coerced. During a hearing on the motion, appellant testified that the confession he gave after the polygraph examination was not true. The trial court denied appellant's motion to suppress the confession.
 {¶ 9} On November 8, 2002, defense counsel and the prosecutor agreed that the polygraph examination would be admissible at trial. Appellant was tried before a jury on the charges. During the trial, appellant maintained that the confession was not true, that he confessed because he was afraid, tired and confused, and that the officers used the polygraph results to coerce him. Nevertheless, the jury convicted appellant of all four crimes. The trial court sentenced appellant to serve four years for each conviction. Two of the sentences were to be served consecutively, while the two additional sentences were to be served concurrently with one another. Appellant appeals his conviction and sentence raising three assignments of error.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "Appellant was denied effective assistance of counsel to his prejudice by the failure of his trial counsel to object to the admission of evidence that appellant had taken and failed a polygraph examination and by his counsel's failure to request a limiting instruction as to the uses to which the results of such an examination can be put."
 {¶ 12} Appellant argues that "the failure to object to the admission of the results of a polygraph examination is a lapse in performance which falls significantly below any objective standard of reasonable representation. It is likewise a significant lapse not to request a limiting instruction where the information is admitted."
 {¶ 13} We evaluate claims of ineffective assistance of counsel under the two-part test provided in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, 142. A strong presumption exists that licensed attorneys are competent and that the product of a sound trial strategy falls within the wide range of professional assistance. Id.
 {¶ 14} Appellant's counsel strategically pursued the theory that the confession had been given involuntarily. Appellant's counsel made efforts to ensure that the polygraph results would be admissible so that he could demonstrate that appellant was lying when he confessed to the crimes. Appellant's counsel and appellant maintained throughout the trial that the police used the polygraph exam results to coerce him into confessing to the sexual molestation. The fact that the jury simply did not believe that the confession was coerced does not equate to ineffective assistance of counsel. A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney. State v. Hart (1988),57 Ohio App.3d 4, 10.
 {¶ 15} A trial counsel's choice of tactics must be given deference. State v. Nobles (1995), 106 Ohio App.3d 246, 276. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel. State v. Smith,89 Ohio St.3d 323, 328, 2000-Ohio-166. Consequently, appellant has not demonstrated that his counsel's representation fell below an objective standard of reasonableness. Therefore, his counsel was not ineffective and the first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "The verdict of the jury finding appellant guilty was against the manifest weight of the evidence."
 {¶ 18} Appellant argues that "where there is evidence of a victim's preexisting ill will against a defendant and of her propensity to lie, any finding of guilt is against the manifest weight of the evidence where there is no independent corroborating evidence of the defendant's guilt."
 {¶ 19} The weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. In reviewing an appellant's claim on this issue, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain a manifest weight argument in exceptional cases only, where the evidence "weighs heavily against the conviction." Id.
 {¶ 20} A.A. testified that appellant had molested her for years. She described specific incidents in which appellant had touched her vagina and performed cunnilingus on her. Furthermore, the jury heard evidence of appellant's own confession to incidents of sexual conduct with A.A. Appellant's confession gave specific details of the incidents that closely matched A.A.'s testimony.
 {¶ 21} In reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trier of fact lost its way, or that a manifest miscarriage of justice has occurred. Appellant's conviction for sexual battery is not against the manifest weight of the evidence. Therefore, the second assignment of error is overruled.
 {¶ 22} Assignment of Error No. 3:
 {¶ 23} "The trial court erred to appellant's prejudice to sentence him to consecutive sentences of more than the minimum term of imprisonment."
 {¶ 24} Appellant argues that "a trial court errs to sentence a first time felon to consecutive terms of imprisonment for more than the minimum term of incarceration." Appellant maintains that, at sentencing, the trial court made a finding on the record that not to impose consecutive sentences would demean the seriousness of appellant's conduct and would not adequately protect the public. However, appellant argues that the court "did not find on the record that no single sentence was adequate to punish appellant or that consecutive sentences were not disproportionate to this conduct as required by R.C. 2929.14(E)."
 {¶ 25} Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 {¶ 26} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 27} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 28} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 29} When imposing consecutive sentences, the trial court must make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute to impose consecutive sentences upon an offender. State v. Kelly (2001),145 Ohio App.3d 277, 281. However, the trial court must state sufficient supporting reasons for the imposition of a consecutive sentence. R.C. 2929.19(B)(2)(c); State v. Boshko (2000),139 Ohio App.3d 827, 838-839.
 {¶ 30} In the present case, review of the record reveals that the trial judge stated on the record during the sentencing hearing that, "[t]his was a period of conduct that had gone over for years. And there was a victim here, and there was a victim that was very injured. * * * when confronted with the facts, the defendant initially denied touching the victim inappropriately. And there was injury to the victim which was worsened by physical and mental condition and the age of the victim. The victim suffered serious physical psychological and economical harm as a result of the offense. This was a household member. You were in a position of trust, and you took advantage of that trust with regard to this child."
 {¶ 31} However, the trial court did not make a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public as required by R.C. 2929.14(E). While the trial court stated reasons which may support the imposition of consecutive sentences, absent findings related to the statutory sentencing scheme, we must reverse and vacate the consecutive sentence imposed by the trial court and remand this matter for re-sentencing in accordance with R.C. 2929.14(E)(4), R.C.2929.19(B)(2) and Comer. The third assignment of error is sustained.
 {¶ 32} Appellant's conviction is affirmed, however, appellant's sentence is vacated and remanded to the trial court for re-sentencing consistent with this opinion.
Valen, P.J., and Walsh, J., concur.