OPINION
{¶ 1} Defendant-appellant, Thomas L. Combs, appeals the decision of the Butler County Court of Common Pleas, sentencing him on two counts of gross sexual imposition ("GSI"). For the reasons outlined below, we vacate appellant's sentence and remand for resentencing.
 {¶ 2} After a jury trial, appellant was convicted on two counts of GSI in violation of R.C. 2907.05(A)(4) after he sexually molested two seven-year-old girls. On February 16, 2000, the trial court held a sexual predator and sentencing hearing. At that hearing, appellant stipulated to the finding that he is a sexual predator. Before imposing the sentence, the court heard statements from appellant's counsel, a representative of one of the victims, and a detective. In addition, the court permitted another alleged victim to make a statement, and then an unidentified speaker requested that appellant apologize to the speaker.
 {¶ 3} After considering these statements, the trial court imposed the maximum sentence of five years for each count, and ordered that they be served consecutively. On March 10, 2000, appellant timely filed a notice of appeal. However, on February 21, 2001, this court dismissed the appeal for lack of prosecution. On April 9, 2004 this court granted appellant's motion to reinstate his appeal. Appellant appeals his sentence, raising three assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The court committed prejudicial error when it considered the impact statements of non-victims prior to imposing sentence."
 {¶ 6} Appellant argues that the court improperly considered the statements made by individuals who were not the victims of the crimes for which appellant was convicted. These individuals alleged that they were also victims of acts appellant previously committed. Appellant maintains that because these individuals were neither witnesses nor victims of the charged offenses, the court should not have considered their statements.
 {¶ 7} Appellant failed to object to the trial court's consideration of these statements, so we are limited to a plain error review of this issue. Crim.R. 52(B). Plain error does not exist unless it can be said that, but for the error, the outcome clearly would have been otherwise.State v. Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-291. Notice of plain error pursuant to Crim.R. 52(B) must be taken with the utmost caution, only under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 94-95.
 {¶ 8} After reviewing the record, we find that the trial court did not err in considering the statements of other alleged victims. According to R.C. 2929.12(A), a court imposing a sentence upon an offender for a felony has the discretion to determine the most effective way to comply with the purposes and principles of sentencing. In exercising that discretion, the court must consider the factors relating to the seriousness of the conduct and the likelihood of the offender's recidivism, and the court may consider any other factor relevant to the purposes and principles of sentencing. R.C. 2929.12(A).
 {¶ 9} The rules of evidence, including Evid.R. 404(B) regarding "other acts," do not strictly apply at sentencing hearings. State v. Byrd,
Warren App. Nos. CA2001-02-012 and CA86-03-020, 2003-Ohio-511, citing Evid.R. 101(C)(3); Cook, 83 Ohio St.3d at 425. Further, a trial court is presumed to consider only relevant, competent evidence in arriving at its sentencing determination. State v. Treesh, 90 Ohio St.3d 460, 488,2001-Ohio-4. The trial court found, and we agree, that the statements by these individuals are relevant with regard to the likelihood that appellant would commit similar crimes in the future.
 {¶ 10} Moreover, a review of the record indicates that appellant stipulated to the information contained in Dr. Bobbie Hopes' report. Dr. Hopes' report and the presentence investigation report reference the same allegations as those made in court by the alleged victims. Therefore, even if the trial court disregarded the alleged victims' in court statements, the result would not have been different, because the same information is contained in the sexual predator report and the presentence investigation report. Appellant's first assignment of error is overruled.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "The record does not support the imposition of maximum and consecutive sentences."
 {¶ 13} The trial court imposed five-year prison sentences for both counts of appellant's conviction, which is the maximum penalty for a third-degree felony. The trial court also ordered that appellant serve the prison terms consecutively. Appellant argues that his sentence should be vacated because the trial court failed to provide its reasons for imposing maximum and consecutive sentences in accordance with State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 14} Initially, we note that the trial court sentenced appellant before the Ohio Supreme Court decided Comer. Because appellant has not exhausted his appellate remedies, his sentence is not yet "final," and the rules set forth in Comer apply. See Ali v. State, 104 Ohio St.3d 328,2004-Ohio-6592.
 {¶ 15} R.C. 2929.14(B) states: "[e]xcept as provided in division (C) * * * of this section, * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to [R.C. 2929.14-(A)], unless one or more of the following applies:
 {¶ 16} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 17} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 18} Ohio's sentencing guidelines generally disfavor maximum sentences and favor minimum sentences for offenders who have no history of imprisonment. See State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. R.C. 2929.14(B) requires a sentencing court to sentence a first offender to the shortest term authorized unless the court finds, that either: (1) [t]he shortest prison term will demean the seriousness of the offender's conduct; or (2) [t]he shortest prison term will not adequately protect the public from future crime by the offender or by others. The sentencing court must make these findings on the record at the sentencing hearing, but the court is not required to give reasons for its findings. State v.Cox, Butler App. No. CA2003-05-113, 2004-Ohio-4977, ¶ 56; Edmonson,86 Ohio St.3d at 324.
 {¶ 19} However, R.C. 2929.14(B) expressly provides an exception to the minimum sentence presumption when a sentencing court finds, pursuant to R.C. 2929.14(C), that a maximum sentence is warranted. State v. Evans,102 Ohio St.3d 240, 242, 2004-Ohio-2659. Therefore, R.C. 2929.14(B) does not apply when a sentencing court imposes a maximum sentence for a single offense, provided the record reflects that the court based the sentence upon at least one of the criterion listed in R.C. 2929.14(C). Id. at syllabus.
 {¶ 20} Before imposing a maximum prison sentence, the sentencing court must find that either: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a "major drug offender"; or (4) the offender is a "repeat violent offender." R.C. 2929.14(C). When the sentencing court imposes the maximum sentence, the court must give its reasons for imposing such a sentence. R.C. 2929.19(B)(2)(d). The sentencing court must make its findings regarding the maximum sentence and must give its reasons for those findings on the record at the sentencing hearing. State v. Howard, Fayette App. No. CA2003-01-001, 2004-Ohio-423, citing Comer, 99 Ohio St.3d 463, and State v. Newman,100 Ohio St.3d 24, 2003-Ohio-4754.
 {¶ 21} Appellant claims that the trial court did not adequately state findings to support imposing maximum sentences. After reviewing the record, we disagree, and find that the trial court properly made the required findings for imposing maximum sentences.
 {¶ 22} At the sentencing hearing, the trial court stated on the record that it imposed the maximum sentence based on its finding that appellant "committed the worst form of this offense" and that appellant poses "an almost certain likelihood of committing future crimes." Further, the court stated, "I believe that simply, at this particular point in your life, [I must impose] the maximum I can give you under the law because I believe if I don't, you're simply going to go out and commit this crime with other people. You've done it all your life. You are a poster boy for sexual predators. And, you know, I guess the only thing I can do is send you [to prison] as long as I can and hopefully that will keep you out of society so that this never happens again."
 {¶ 23} While R.C. 2929.12(D) list the recidivism factors for the sentencing court to consider, this list is nonexhaustive. See State v.Boshko (2000), 139 Ohio App.3d 827. This court has previously held that in determining the likelihood that an offender will commit future crimes, the sentencing court is not limited solely to the factors in R.C. 2929.12(D). State v. Ebbing, Clermont App. No. CA2003-05-041, 2003-Ohio-5877, ¶ 26.
 {¶ 24} In this matter, appellant was convicted of gross sexual imposition after sexually molesting his seven-year-old niece and another seven-year-old girl on separate occasions. In addition, appellant's stepdaughter and another woman alleged that appellant had committed similar acts in the past. Appellant failed to object to the in court statements of these additional alleged victims. In determining the likelihood that appellant would commit future crimes, the court properly considered these statements, in addition to corroborating allegations contained in the presentence investigation report and the sexual predator report. These factual determinations support the trial court's finding that appellant poses the greatest likelihood of committing future crimes. Therefore, we find that the trial court made the proper findings to justify imposing the maximum sentence for both counts of the conviction.
 {¶ 25} Appellant also argues that his sentence should be vacated because the trial court failed to make the requisite findings and failed to state reasons for those findings in imposing consecutive sentences.
 {¶ 26} R.C. 2929.14(E)(4) permits a trial court to impose consecutive terms of imprisonment provided the court makes each of the following three findings: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive terms are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the following factors listed in R.C. 2929.14(E)(4)(a)-(c) applies:
 {¶ 27} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, R.C. 2929.17, or R.C. 2929.18], or was under post-release control for a prior offense;
 {¶ 28} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct;
 {¶ 29} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 30} In imposing consecutive sentences, the sentencing court must make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. Comer, 99 Ohio St.3d at paragraph one of the syllabus. This court has previously held that in imposing consecutive sentences, the court is not required to recite the exact words of the statute, nor is the court required to align its reasoning with the specific statutory findings. See Ebbing, Clermont App. No. CA2003-05-041; State v. Grimsley, Butler App. No. CA2003-03-061, 2004-Ohio-1710; State v. Hampton, Butler App. No. CA2002-12-310, 2004-Ohio-91. However, the record must clearly indicate that the sentencing court considered how the statutory factors apply to the facts of the case. Ebbing, Clermont App. No. CA2003-05-041 at ¶ 17.
 {¶ 31} After carefully reviewing the record, we find that the trial court erred in imposing consecutive sentences because the court failed to apply the required statutory factors to the facts of this case. In sentencing appellant to consecutive sentences, the trial court found that "consecutive terms are required because * * * it's necessary to protect the public." The court later stated "I believe * * * that I give you the maximum I can give you under the law because I believe if I don't you're simply going to go out and commit this crime with other people. You've done it all your life."
 {¶ 32} The trial court's reasoning would support its finding that consecutive sentences are necessary to protect the public if the court had made that statement in the context of imposing consecutive sentences. However, the record is clear that the court's stated reasoning is in support of imposing the maximum sentence. The trial court offered no reasons to support its finding that consecutive sentences are necessary to protect the public from future crimes or to punish appellant. Further, there is nothing in the record to indicate that the trial court considered whether consecutive sentences are disproportionate to the seriousness of appellant's conduct or to the danger appellant poses to the public. Likewise, there is no discussion as to the application of any of the factors listed in R.C. 2929.14(E)(4)(a)-(c).
 {¶ 33} In State v. Cox, Butler App. No. CA2003-05-113, this court held that even if a sentencing court's stated reasoning for imposing consecutive sentences also supports imposing more than the minimum sentence, the record must clearly indicate that the court considered the appropriate statutory factors with regard to the imposition of more than the minimum sentence. An appellate court cannot confirm that the sentencing court considered all of the required statutory factors when the record is absent of any discussion of those factors. See Edmondson,86 Ohio St.3d at 327-328.
 {¶ 34} Also, this court encouraged sentencing courts to specifically state each statutory finding and then state its specific reasons for making that finding. Ebbing, Clermont App. No. CA2003-05-041 at ¶ 17. We emphasize that Comer requires that the record clearly reflect the sentencing court's consideration with regard to how each of the required statutory factors apply to the facts of the case. Id. Because Comer
requires a sentencing court to make its findings and give reasons supporting those findings orally at the sentencing hearing, an appellate court must examine a transcript to determine if the court considered and applied the appropriate factors. See Comer, 99 Ohio St.3d at paragraph one of the syllabus. A sentencing court best satisfies this requirement by stating each finding followed by its reasoning to support that finding.
 {¶ 35} While the record demonstrates that the trial court considered and applied the proper factors in imposing the maximum sentence, we cannot discern whether the court considered and applied the proper factors required to impose consecutive sentences. Appellant's second assignment of error is overruled in part and sustained in part.
 {¶ 36} Assignment of Error No. 3:
 {¶ 37} "Whether Blakely affords the defendant the right to have a jury determine sentencing factors in R.C. 2929.14 [sic]."
 {¶ 38} Appellant argues that pursuant to the United States Supreme Court decision in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531, the Ohio sentencing scheme is unconstitutional. Subsequent to the decision in Blakely, the United States Supreme Court decided the consolidated appeals of U.S. v. Booker and U.S. v. Fanfan, (2005), ___ U.S. ___, 125 S.Ct. 738. A careful reading and analysis of Booker/Fanfan
compels our determination that pursuant to the Court's holdings, the provisions in the Ohio sentencing scheme that permit a sentencing court to impose the maximum sentence do not violate the United States Constitution.
 {¶ 39} In Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Blakely was charged with first-degree kidnapping, but reached a plea agreement whereby he pleaded guilty to second-degree kidnapping involving domestic violence and the use of a firearm. Blakely, 124 S.Ct. at 2534. Under the Washington felony sentencing scheme, such an offense is a "class B" felony, punishable by a term of up to ten years. Id. However, the Washington felony sentencing scheme permitted a sentencing court to impose a sentence for a class B felony in excess of ten years if the court found "substantial and compelling reasons justifying an exceptional sentence." Id.,124 S.Ct. at 2535.
 {¶ 40} In finding the Washington felony sentencing scheme to be unconstitutional, the Supreme Court held that, "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solelyon the basis of the facts reflected in the jury verdict or admitted bythe defendant." (Emphasis sic.) Blakely, 124 S.Ct. at 2537. "In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis sic.) Id. Further, the Court held that a sentence imposed based on facts not before the jury or admitted by the offender violated the offender's federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence. Blakely, 124 S.Ct. at 2536.
 {¶ 41} While the Supreme Court's decision in Booker/Fanfan reiterated its holdings in Apprendi and Blakely, the Court's resolution ofBooker/Fanfan now makes clear that the imposition of the maximum sentence pursuant to R.C. 2929.14 is not unconstitutional. In Booker/Fanfan, the Court reaffirmed its decision in Blakely, stating that: "[i]f the [Federal Sentencing Guidelines] as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. * * * Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted * * * the provisions that make the Guidelines binding on district judges * * *. For when a trial judge exercises his discretion to select a specific sentence from within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.
 {¶ 42} "The Guidelines as written, however, are not advisory; they are mandatory and binding on all judges. * * * At first glance, one might believe that the ability of a district judge to depart from the Guidelines means that she is bound only by the statutory maximum. Were this the case, there would be no Apprendi problem. Importantly, however, departures [from the Guidelines] are not available in every case, and in fact, are unavailable in most." (Citations omitted.) Booker,125 S.Ct. at 750.
 {¶ 43} Booker was convicted of possession of at least 50 grams of crack cocaine, and was found to be in possession of 92.5 grams. Id.,125 S.Ct. at 751. Based on these facts, and given Booker's criminal history, the Guidelines authorized a sentence of 210 to 262 months. Id. However, the sentencing court found that Booker possessed 566 grams of crack in addition to the 92.5 grams reflected in the jury verdict. Id. Once the sentencing court made this finding, the Guidelines mandated the imposition of a sentence between 360 months to life imprisonment. Id.,125 S.Ct. at 738.
 {¶ 44} Fanfan was convicted of conspiracy to distribute and to possess with intent to distribute at least 500 grams of cocaine. Booker,125 S.Ct. at 747. Under the Federal Sentencing Guidelines, the maximum sentence authorized by the jury verdict was a 78-month prison term. Id. The sentencing court found additional facts that, under the Guidelines, mandated the imposition of a sentence between 188 to 235 months. Relying on the Supreme Court's decision in Blakely, the sentencing court concluded that he could not follow the provisions of the Guidelines that mandated the increase in Fanfan's sentence. Id.
 {¶ 45} The Supreme Court found that the Guidelines, when mandatory, violated Blakely because they permit a sentencing court, upon the postconviction finding of additional facts, to impose a sentence in excess of the statutory maximum authorized by the jury verdict. Booker,125 S.Ct. at 751. After reaffirming its holding in Apprendi, in a separate opinion delivered by Justice Breyer, the Court held that the constitutional issues raised by the Blakely decision could be resolved by the severance and excision of two provisions of the Guidelines. Id.,125 S.Ct. at 757. In so doing, the Court rendered "the Guidelines system advisory while maintaining a strong connection between the sentence imposed and the offender's real conduct — a connection important to the increased uniformity of sentencing that Congress intended its Guidelines system to achieve." (Emphasis added.) Id.
 {¶ 46} Justice Breyer explains, "[s]everal considerations convince us that, were the Court's constitutional requirement [in Blakely] added onto the [Guidelines] as currently written, the requirement would so transform the scheme that Congress created that Congress likely would not have intended the Act so modified to stand. First, the statute's text states that `[t]he court' when sentencing will consider `the nature and circumstances of the offense and the history and characteristics of the defendant.' In context, the words `the court' mean `the judge without the jury,' not `the judge working together with the jury.' * * * Second, Congress' basic statutory goal — system that diminishes sentencing disparity — depends for its success upon judicial efforts to determine, and to base punishment upon, real conduct that underlies the crime of conviction." (Emphasis sic; citations omitted.) Booker, 125 S.Ct. at 759.
 {¶ 47} Justice Breyer continues, stating, "[j]udges have long looked to real conduct when sentencing. Federal judges have long relied upon a presentence report, prepared by a probation officer, for information (often unavailable until after the trial) relevant to the manner in which the convicted offender committed the crime of conviction. Congress expected this system to continue. That is why it specifically inserted into the Act the provision * * * which * * * says that `[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.'" (Emphasis sic, citations omitted.) Id.,125 S.Ct. at 760.
 {¶ 48} Justice Breyer reasons that, "[w]ithout the `mandatory' provision the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals. The Act nonetheless requires judges to consider the Guidelines `sentencing range established for * * * the applicable category of offense committed by the applicable category of defendant,' the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. And the Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care * * *
 {¶ 49} "[T]he Act continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power * * *). Appellate courts are still directed to `review sentences that reflected an applicable Guidelines range for correctness, [and] to review other sentences * * * [that are] "outside the applicable Guideline range" with a view toward determining whether such a sentence "is unreasonable" * * *.'" (Citations omitted.) Id., 125 S.Ct. at 764-765.
 {¶ 50} Justice Breyer concludes, stating: "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. * * * These features of the remaining system, while not the system Congress enacted, nonetheless continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary. We can find no feature of the remaining system that tends to hinder, rather than to further these basic objectives."
 {¶ 51} The Court vacated Booker's sentence, where the sentencing court considered and applied the Guidelines by imposing a longer sentence based upon additional postconviction fact-finding. Id., 125 S.Ct. at 769. It is noteworthy that the court also permitted the Government to seek resentencing in Fanfan's case, where the sentencing court refused to apply the Guidelines to impose a longer sentence. Id. In so doing, the court reiterated that while consideration of the Guidelines is mandatory, the application of the Guidelines to impose a sentence longer than that authorized by the jury verdict is not mandatory, but advisory in nature.
 {¶ 52} Based upon the holding in Booker/Fanfan, it is apparent that the Federal sentencing scheme, as modified, now closely resembles the Ohio sentencing scheme. Like the modified Federal sentencing scheme, the Ohio sentencing scheme provides that the sentencing court, without the assistance of the jury, considers the nature and circumstances of the offense and the history and characteristics of the offender. Ohio sentencing courts, like Federal sentencing courts, rely on presentence investigation reports to consider the manner in which the convicted offender committed the crime of conviction.
 {¶ 53} Also, the Ohio sentencing scheme is a system that depends upon judicial determination of a sentence that is based upon the real conduct that underlies the crime of conviction. The Ohio sentencing scheme maintains a strong connection between the offender's real conduct and the sentence imposed, by allowing the sentencing court the discretion to consider facts related to the seriousness of the offense, the offender's actual past and present conduct, and the likelihood of recidivism. See R.C. 2929.14. Further, the Ohio sentencing scheme ensures that sentences are reasonable in light of the offender's real conduct by permitting appellate review.
 {¶ 54} In this matter, appellant was convicted of GSI in violation of R.C. 2907.05(A)(4), which is a felony of the third degree. According to R.C. 2929.14(A)(3), it is within the sentencing court's discretion to sentence an offender convicted of such a felony to a prison term between one and five years. However, a sentencing court is limited by the provision in R.C. 2929.14(B), which states: "the court shall impose the shortest prison term authorized for the offense pursuant to [R.C.2929.14(A)], unless one or more of the following applies:
 {¶ 55} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 56} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 57} Appellant argues that according to Blakely, the factors provided in R.C. 2929.14(B)(1)-(2) must be submitted to a jury and proved beyond a reasonable doubt. Appellant maintains that the R.C. 2929.14(B) "minimum sentence presumption" essentially means that the maximum sentence a court may impose or the "statutory maximum," is the shortest prison term authorized for the offense. Appellant claims that R.C.2929.14(B) violates Blakely, because the factors in R.C. 2929.14(B)(1)-(2) permit the sentencing court to impose a longer sentence than the "statutory maximum" upon the finding of additional facts.
 {¶ 58} We reject this argument, and hold that the provision of the Ohio sentencing scheme that permits a sentencing court to impose the maximum sentence is not unconstitutional. R.C. 2929.14(B) does not create a statutory maximum, or the "maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." See Blakely, 124 S.Ct. at 2537. Instead, the provisions in R.C. 2929.14(B) limit the sentence a court may impose to the statutory range provided in R.C. 2929.14(A), and requiring the court to impose an appropriate sentence in light of the offender's real conduct. R.C.2929.14(B) is not mandatory, but advisory, and does not permit a sentencing court to impose any sentence beyond that which is permitted by R.C. 2929.14(A).[1]
 {¶ 59} To withstand the requirements of Apprendi and Blakely, a sentencing scheme must ensure that the maximum sentence an offender may receive is derived from the jury verdict, rather than from additional fact-finding by the sentencing court. See Blakely, 124 S.Ct. at 2538-2539. Under the Ohio sentencing scheme, when a jury convicts an offender of a third-degree felony, the jury verdict reflects facts authorizing the sentencing court to impose a sentence from one to five years. The findings a sentencing court makes pursuant to R.C. 2929.14(B)(1)-(2) merely assist the court in determining the appropriate sentence from within the range set in R.C. 2929.14(A) while taking into account the offender's real conduct.
 {¶ 60} Moreover, as Justice Stevens states in Booker/Fanfan, "[w]e have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." (Emphasis added.)Booker, 125 S.Ct. at 750. Justice Stevens further stated that, "when a trial judge exercises his discretion to select a specific sentence withina defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." (Emphasis added.) Id. Therefore, the Court has preserved a sentencing court's discretion to impose a sentence from within the range authorized by R.C. 2929.14(A).
 {¶ 61} Also, the imposition of the maximum sentence under the Ohio sentencing scheme is not unconstitutional because the findings a sentencing court makes pursuant to R.C. 2929.14(B)(1)-(2) are not "legally essential to the punishment." See Blakely, 125 S.Ct. at 2536. Unlike the Washington sentencing scheme and the Federal Guidelines inBlakely and Booker/Fanfan, nothing in R.C. 2929.14(B) requires a sentencing court to impose a sentence greater than the minimum available if the court makes the appropriate findings. R.C. 2929.14(B) simply requires a sentencing court to impose the minimum sentence unless the court finds that a greater prison sentence, within the permissible statutory range, is appropriate and consistent in light of the offender'sreal conduct.
 {¶ 62} In applying the holdings of Apprendi, Blakely, andBooker/Fanfan, we conclude that the Ohio sentencing scheme is not unconstitutional with respect to the imposition of the maximum sentence. The "statutory maximum," or the maximum sentence a sentencing court may impose based on the facts reflected in the jury verdict, is the maximum sentence authorized in R.C. 2929.14. Moreover, it is clear that the Federal Sentencing Guidelines, as modified by the Supreme Court inBooker/Fanfan, now closely resemble the Ohio sentencing scheme.
 {¶ 63} Appellant's third assignment of error is overruled.
 {¶ 64} We affirm the trial court's decision imposing the maximum sentence for each counts of the conviction. However, we reverse the trial court's decision imposing consecutive sentences, and remand this matter for resentencing in accordance with this opinion.
Powell, P.J., and Walsh, J., concur.
[1] We recognize that we are not in agreement with the First Appellate District's holding in State v. Montgomery, Hamilton App. No. C-040190,2005-Ohio-1018. As a result, we would be willing to consider certification of this issue to the Ohio Supreme Court for final review and determination. Also, we note that our holding is consistent with the decisions of other appellate districts. See e.g., State v. Trubee, Marion App. No. 9-03-65, 2005-Ohio-552; State v. Le, Cuyahoga App. No. 84429, 2005-Ohio-881; State v. Abdul-Mumin, Franklin App. Nos. 04AP-485 and 04AP-486, 2005-Ohio-522.