OPINION
{¶ 1} Defendant-appellant, Cory A. Todd, appeals from his conviction and sentence in the Butler County Common Pleas Court for aggravated robbery, with an attendant firearm specification.
 {¶ 2} On November 30, 2003, Zach Morath, an employee at the Long John Silvers Restaurant in West Chester, Butler County, Ohio, was taking out the trash around 9:30 p.m., when someone came up behind him and screamed, "give me the money." The perpetrator was wearing a reddish-orange ski mask, but despite the mask, Morath still recognized him as appellant, whom Morath had known and spoken with on numerous occasions. At first, Morath thought appellant was joking, but he then saw that appellant had a gun. Appellant pushed past Morath and went into the restaurant through its back door, where he encountered the restaurant's assistant manager, Larry Melton. Melton also recognized the perpetrator as appellant, having spoken with him on a number of previous occasions. Appellant pointed a .38 caliber revolver at Melton and told him, "Give me the money now." Melton opened the restaurant's safe and gave appellant approximately $1,200. Appellant fled the restaurant from the same door that he entered.
 {¶ 3} Melton and Morath contacted the West Chester police. When the police arrived, Melton and Morath identified appellant as the person who had robbed the restaurant. The police obtained a search warrant for appellant's house. When they executed the warrant, they found .38 caliber ammunition under a ceiling tile at appellant's residence.
 {¶ 4} On December 4, 2003, appellant turned himself into the West Chester police after learning that they were looking for him. Appellant asked the police, "is this going to put me away for awhile?" He then told the officers, "you can't keep me locked up forever, things happen."
 {¶ 5} On December 1, 2003, a complaint was filed in the Butler County Juvenile Court, alleging that appellant was delinquent by virtue of his having committed the act of aggravated robbery, a first-degree felony if committed by an adult. On December 19, 2003, the Butler County Juvenile Court found that there was probable cause to believe that appellant had committed an aggravated robbery, a Category II offense pursuant to R.C.2911.01; that he committed the offense using a firearm; and that he was 16 years old at the time of the offense. The juvenile court relinquished jurisdiction over the matter to the Butler County Common Pleas Court.
 {¶ 6} On February 10, 2004, the Butler County Grand Jury indicted appellant on one count of aggravated robbery, with an accompanying firearm specification. On April 7, 2004, appellant filed a motion in limine seeking exclusion of evidence taken during a search of his residence pursuant to a search warrant issued by the Butler County Area III court. On the same date, the trial court issued an order permitting the state to introduce at trial the ammunition found during the search.
 {¶ 7} On April 7 and 8, 2004, appellant was tried by jury on the charge of aggravated robbery with a firearm specification. The jury convicted appellant of the charge and specification. The trial court sentenced appellant to five years in prison on the aggravated robbery charge, and three years in prison on the firearm specification. He was ordered to serve the sentences consecutively.
 {¶ 8} Appellant appeals from his conviction and sentence, raising five assignments of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "The trial court did not have jurisdiction to try appellant as an adult because the relinquishment proceeding in the juvenile court was defective as a matter of law."
 {¶ 11} Appellant presents three arguments in support of this assignment of error. First, he contends that the trial court lacked jurisdiction to try him as an adult because the complaint filed against him in juvenile court was defective in that it failed to plead a category two offense. We disagree with this argument.
 {¶ 12} R.C. 2152.10 provides in relevant part as follows:
 {¶ 13} "(A) A child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred * * * in any of the following circumstances:
 {¶ 14} "* * *
 {¶ 15} "(2) The child is charged with a category two offense * * *, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:
 {¶ 16} "* * *
 {¶ 17} "(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged."
 {¶ 18} R.C. 2152.02(CC)(1) defines a "category two offense" to include a violation of R.C. 2911.01, which sets forth the offense of aggravated robbery.
 {¶ 19} Juv.R. 10(B) sets out the requirements for a juvenile complaint as follows:
 {¶ 20} "The complaint, which may be upon information and belief, shall satisfy all of the following requirements:
 {¶ 21} "(1) State in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court, and in juvenile traffic offense and delinquency proceedings, shall contain the numerical designation of the statute or ordinance alleged to have been violated;
 {¶ 22} "(2) Contain the name and address of the parent, guardian, or custodian of the child or state that the name or address is unknown;
 {¶ 23} "(3) Be made under oath."
 {¶ 24} In this case, it appears that the complaint filed by the West Chester police complies with the requirements of Juv.R. 10(B). Contrary to what appellant alleges, however, there is nothing in Juv.R. 10(B) that requires that a juvenile be notified in the complaint that the offense he has been charged with is a category two offense, which thereby makes him eligible for mandatory transfer to the Common Pleas Court. Nor has appellant cited any specific authority for the proposition that a complaint needs to inform a juvenile in appellant's position of this fact. Furthermore, it does not appear that appellant suffered any material prejudice as a result of the complaint not making this fact explicitly known. In fact, it is apparent that he was made amply aware of this fact.
 {¶ 25} Next, appellant argues that the juvenile court erred in relinquishing jurisdiction to the common pleas court since it did not expressly find that he displayed, brandished, indicated possession, or used a firearm during the commission of his offense, but only that he possessed a firearm during commission of the offense. We disagree with this argument. The state presented ample evidence at the probable cause hearing that appellant used a firearm when he committed the aggravated robbery. The trial court expressly found at the conclusion of that hearing that appellant committed the offense of aggravated robbery as alleged in the complaint. The complaint clearly stated that appellant took money from the manager at Long John Silvers by threatening him with a handgun.
 {¶ 26} Appellant also argues that the common pleas court lacked jurisdiction over his case because the state failed to establish probable cause regarding two facts: his age and venue. However, as to venue, there was testimony to establish that "Officer Mark York of the West Chester Township Police Department in Butler County, Ohio" arrived "pretty promptly" in response to a call regarding the robbery at the Long John Silver Restaurant that formed the basis of the principal charge against appellant. This was sufficient to allow the juvenile court to infer that the robbery took place in West Chester, Butler County, and that, therefore, the action was properly venued in Butler County.
 {¶ 27} As to appellant's age, it appears from a review of the record at the probable cause hearing that the juvenile court was aware that appellant was 16 years old, and when it stated this fact on the record, appellant's counsel confirmed it. Specifically, the juvenile court made the following statement at the conclusion of the probable cause hearing:
 {¶ 28} "This is a Probable Cause hearing so the Court will find Probable Cause. Further find that Aggravated Robbery is a category two offense and that it's alleged that Mr. Todd had a firearm on or about his person at the time of the alleged offense. As a result . . (sic) And his was sixteen years of age . . . (sic)
 {¶ 29} "[Defense Counsel]: Yes, Your Honor.
 {¶ 30} "BY THE COURT: . . . (sic) years of age at the time of the alleged offense."
 {¶ 31} The record at the probable cause hearing demonstrates that appellant's counsel confirmed that appellant was 16 years old at the time he committed the alleged offense. As a result, the juvenile court's finding that appellant was 16 years old at the time of the offense is supported by the record.
 {¶ 32} Appellant's first assignment of error is overruled.
 {¶ 33} Assignment of Error No. 2:
 {¶ 34} "Evidence obtained during the search of appellant's home must be suppressed because the county court did not have jurisdiction to issue a warrant to search the home of a juve-nile."
 {¶ 35} Appellant argues that the Butler County Area III Court lacked jurisdiction to issue the search warrant used by police to search his residence. He asserts, without citation to any specific authority, that until he was formally bound over for trial to the common pleas court, only the juvenile court had jurisdiction to issue a search warrant for his home. He contends that because the juvenile court did not issue the warrant, any evidence gathered from his residence by police should have been suppressed. We disagree with this argument.
 {¶ 36} Crim.R. 41(A) provides that "[a] search warrant authorized by this rule may be issued by a judge of a court of record to search and seize property located within the court's territorial jurisdiction, upon the request of a prosecuting attorney or a law enforcement officer." (Emphasis added.)
 {¶ 37} As can be seen, Crim.R. 41(A) permits warrants to be issued by a judge of a court of record to search property located within that court's territorial jurisdiction. The rule does not limit the judge's authority to permit searches and seizure of property only where the search and seizure is consistent with the judge's subject matter
jurisdiction, as appellant contends. Accordingly, we conclude that the Butler County Area III Court had jurisdiction to issue the warrant to police allowing them to search appellant's residence.
 {¶ 38} Appellant's second assignment of error is overruled.
 {¶ 39} Assignment of Error No. 3:
 {¶ 40} "THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 41} Appellant argues that the testimony identifying him as the robber was insufficient to allow the jury to find him guilty of the aggravated robbery beyond a reasonable doubt. We disagree with this argument.
 {¶ 42} In this case, there was overwhelming evidence presented of appellant's guilt. There were two witnesses who were able to identify appellant as the person who robbed them based on their past association with him. Both of these witnesses had seen appellant on numerous previous occasions. They were able to recognize him, even though he was wearing a ski mask, from his voice, eyes, posture, facial hair, size, and demeanor. Additionally, there was a third witness who testified that appellant was in the restaurant just a few weeks before it was robbed, and that appellant had told others about his plan to rob the restaurant by confronting the restaurant's employees while they were taking out the trash after closing, as the perpetrator who committed the robbery did. There was even evidence that appellant had "cased" the restaurant the day before the robbery. And when appellant turned himself into police shortly after the robbery, he stated "is this going to put me away for awhile?" and told them, "you can't keep me locked up forever, things happen."
 {¶ 43} As the foregoing makes clear, the state's case against appellant was overwhelming, and the jury's decision to convict him was not contrary to the manifest weight of the evidence.
 {¶ 44} Appellant's third assignment of error is overruled.
 {¶ 45} Assignment of Error No. 4:
 {¶ 46} "APPELLANT'S DUE PROCESS RIGHT TO LEGAL COUNSEL WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL."
 {¶ 47} Appellant asserts that his trial counsel presented him with ineffective assistance of counsel by not pointing out to the jury the inconsistencies in Zach Morath's testimony. Specifically, Morath testified at trial that he was certain that appellant was the robber in the night in question, but he was less certain about the robber's identity at the probable cause hearing in the juvenile court proceedings, suggesting at one point that he was 70 percent sure that appellant was the perpetrator. He also faults his trial counsel for not presenting expert testimony on the weaknesses of eyewitness testimony. However, contrary to what appellant asserts, even if appellant's trial counsel had done those things, it still would not have changed the outcome of these proceedings.
 {¶ 48} In order to prevail on an ineffective assistance of counsel claim, a defendant must show not only that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, but also that the deficient performance prejudiced him in that, but for his counsel's unprofessional errors, there is a reasonable probability of a different outcome. Strickland v. Washington (1984), 466 U.S. 668,687-694, 104 S.Ct. 2052. A failure to make either showing will doom a criminal defendant's ineffective assistance claim. Id. at 697.
 {¶ 49} As we have previously stated, there was overwhelming evidence presented in this case to prove appellant's guilt on the aggravated robbery charge; he would have been convicted even if his counsel had not committed the alleged errors. Thus, appellant cannot prevail on his ineffective assistance of counsel claim.
 {¶ 50} Appellant's fourth assignment of error is overruled.
 {¶ 51} Assignment of Error No. 5:
 {¶ 52} "APPELLANT'S SENTENCE OF MORE THAN THREE YEARS IN PRISON VIOLATED HIS RIGHT TO TRIAL BY JURY."
 {¶ 53} Appellant argues that the trial court's decision to sentence him to more than the statutory minimum of three years in prison was impermissible in light of Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531. However, we have already rejected the same argument that appellant is raising herein. State v. Berry, 159 Ohio App.3d 476,2004-Ohio-6027. See, also, State v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923. Appellant acknowledges this fact, but nevertheless asserts that the five-year sentence he received for his aggravated robbery conviction exceeds the statutory maximum sentence that he could have received as a juvenile under Ohio Law. However, with this assertion, appellant appears merely to be reiterating his previous contention that he should have been tried as a juvenile rather than as an adult. We reject that argument for the reasons we have previously stated in this opinion.
 {¶ 54} Appellant's fifth assignment of error is overruled.
 {¶ 55} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.