OPINION
{¶ 1} Defendant-appellant, Cedric Alonzo Smith, appeals the maximum prison sentence he received for pleading guilty to a first-degree felony rape charge.
 {¶ 2} Appellant pled guilty to raping the 12-year-old victim and was sentenced to a maximum prison term of ten years and found to be a sexual predator. Appellant had prior convictions for sexual battery and gross sexual imposition, which resulted in his classification as a sexually-oriented offender.
 {¶ 3} Appellant's sole assignment of error claims the trial court erred by imposing the maximum prison term of ten years for a first-degree felony charge of rape.
 {¶ 4} A trial court may impose the maximum prison term upon an offender if the trial court finds on the record that the offender "committed the worst [form] of the offense" or that the offender "pose[s] the greatest likely hood of committing future crimes." R.C. 2929.14(C). In addition, R.C. 2929.19(B)(2)(d) requires that a trial court "make a finding that gives its reasons" underlying its decision to impose a maximum sentence. State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. Moreover, it is clear that the required findings for imposing a maximum sentence and reasons therefor must be stated on the record at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 5} At the sentencing hearing, the trial court stated on the record that it imposed the maximum sentence based upon its findings "that it is extremely likely that recidivism will occur here; that there will be a recommission of criminal offenses. I do not find any factors present indicating that recidivism is unlikely." The court observed that appellant's prior criminal convictions, his failure to favorably respond to past sanctions, and his violation of notification requirements as a sexually-oriented offender all indicated that he was likely to reoffend.
 {¶ 6} The court further found that there were "multiple factors" indicating that appellant's crime was a more serious form of the offense. The court noted that the act had been perpetrated against a 12-year-old victim who suffered psychological harm, that appellant held a position of trust with the victim, and that his relationship to the victim facilitated the offense.
 {¶ 7} We conclude that the trial court adequately expressed its reasons and made the proper findings to justify the imposition of a maximum sentence. See State v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923.
 {¶ 8} Appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
Powell, P.J., and Bressler, J., concur.