OPINION
{¶ 1} Defendant-appellant, Ervin Howard, appeals a decision of the Fayette County Court of Common Pleas to sentence him to one year in prison after he was convicted of vandalism. We affirm the decision of the trial court.
 {¶ 2} Appellant was indicted on one count of aggravated arson in violation of R.C. 2909.02(A)(1) and one count of arson in violation of R.C. 2909.02(A)(2). The charges were filed as a result of an incident where appellant set fire to the house where he and his girlfriend lived.
 {¶ 3} According to appellant, he and his girlfriend were involved in a physical altercation when he found her "in the embrace of another male admirer." He returned home and attempted to burn some of her clothing on the patio in the rear of the house. According to appellant, he was unable to complete this task and left the house with the clothing smoldering on the patio. When he returned home approximately 30 minutes later, the house was on fire. The house, which was owned by appellant's mother, was a total loss.
 {¶ 4} As part of a plea agreement, appellant pled guilty to one count of vandalism in violation of R.C. 2909.05(A), and the state recommended community control sanctions. The trial court accepted appellant's plea and ordered a presentence investigation. At a sentencing hearing, the trial court sentenced appellant to a one-year prison term.
 {¶ 5} Appellant now appeals the trial court's sentencing decision and raises two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The trial court erred to the prejudice of the defendant in imposing a maximum sentence upon a conviction for a fifth degree felony without complying with the requirements of R.C. 2929.14(C) and R.C. 2929.19(A) and (D). The court failed to provide the reasons underlying its decision and failed to consider factors set forth in 2929.12(B) R.C. in concluding that the appellant committed the `worst form of the offense.'"
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "The trial court erred to the prejudice of the defendant in imposing a sentence that is contrary to law and in violation of the requirements set forth in 2953.08(A) of the R.C."
 {¶ 10} Appellant was sentenced to one year in prison, the maximum prison term for a fifth-degree felony. He argues on appeal that the trial court did not follow statutory guidelines in imposing the maximum sentence.
 {¶ 11} Before imposing a maximum prison sentence, the sentencing court must find that the offender committed the worst form of the offense, the offender poses the greatest likelihood of committing future crimes, the offender is a "major drug offender," or the offender is a "repeat violent offender." R.C.2929.14(C). When imposing a maximum sentence, R.C.2929.19(B)(2)(d) requires the sentencing court to give reasons for imposing such a sentence. The sentencing court must make its findings regarding maximum sentences and give the reasons for those findings on the record at the sentencing hearing. SeeState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, and State v. Newman, 100 Ohio St.3d 24,2003-Ohio-4754.
 {¶ 12} In this case, the trial court stated at the hearing that appellant had a prior felony conviction and numerous other violations since his release from prison. The court stated that it found the nature of the offense troubling. It found that using fire to get back at someone was strange behavior that indicated the person may not be responsive to community control. The court found that because appellant used fire as a form of revenge, his actions constituted the worst form of the offense.
 {¶ 13} By stating that appellant committed the worst form of the offense, the trial court made the necessary statutory finding for imposing a maximum sentence. In addition, the trial court also stated its reasons for finding appellant's behavior was the worst form of the offense. Appellant argues, however, that there is no analysis regarding the statutory seriousness factors under R.C. 2929.12(B) and the trial court did not state sufficient reasons for finding his actions constituted the worst form of the offense.
 {¶ 14} In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C. 2929.12(B), along with any other relevant factors.State v. Boshko (2000), 139 Ohio App.3d 827, 836. The trial court is not required to compare the defendant's conduct to some hypothetical worst-case form of the offense. Instead, the court must consider the totality of the circumstances surrounding the offense. Id.
 {¶ 15} In this case, the trial court specifically stated that it found the nature of the offense strange and troubling because appellant used fire as a form of revenge. While this reasoning is not specifically one of the factors listed in 2929.12(B), the list of factors is non-exhaustive, as the court is instructed to consider "any other relevant factors" in determining the seriousness of the offense. R.C. 2929.12(B); Boshko,139 Ohio App.3d at 836.
 {¶ 16} Furthermore, despite appellant's argument to the contrary, the trial court is not required to use specific language or findings on the record to show that it considered the seriousness and recidivism factors. State v. Arnett,88 Ohio St.3d 208, 215, 2000-Ohio-302. In this case, the trial court's judgment entry states that it considered the seriousness factors listed in R.C. 2929.12. As mentioned above, at the hearing, the trial court specifically stated its reasons for finding appellant committed the worst form of the offense. Although the trial court's stated reasons are not specifically listed as statutory factors, we find the trial court correctly considered the factors related to the seriousness of appellant's offense and that the trial court's reasoning was sufficient to support a determination that appellant committed the worst form of the offense. Appellant's first assignment of error is overruled.
 {¶ 17} In his second assignment of error, appellant argues that because the trial court did not correctly impose a maximum prison term, this court should modify his sentence pursuant to R.C. 2953.08(G)(2). Because we have determined that the trial court did not err in imposing the maximum prison term, we find appellant's second assignment of error is moot.
 {¶ 18} Judgment affirmed.
Valen, P.J., and Walsh, J., concur.