OPINION
{¶ 1} Defendant-appellant, William H. Montgomery, appeals the decision of the Clermont County Court of Common Pleas, sentencing him for robbery. We affirm the trial court's decision.
 {¶ 2} On October 13, 2003, appellant and Stanley Jackson robbed a gas station in Clermont County. Appellant was charged with two counts of robbery in violation of R.C. 2911.02(A)(2). Pursuant to a negotiated plea agreement, appellant pleaded guilty to one count of robbery in violation of R.C. 2911.02(A)(3), which is a felony of the third degree. After reviewing the presentence investigation report and considering the statements of appellant, his counsel, and the state, the trial court imposed a five-year prison term, which is the maximum sentence authorized by R.C. 2929.14. Appellant appeals his sentence, raising three assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "The trial court erred in sentencing the defendant to the maximum term of 5 years due based upon the defendant's conviction of a third degree felony."
 {¶ 5} Appellant argues that his sentence should be vacated because the trial court failed to provide its reasons for imposing the maximum sentence in accordance with State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. Appellant maintains that the trial court did not clearly and explicitly make specific findings to support its decision to impose the maximum authorized prison sentence.
 {¶ 6} Before imposing a maximum prison sentence, the sentencing court must find that either: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a "major drug offender"; or (4) the offender is a "repeat violent offender." R.C. 2929.14(C). When the sentencing court imposes the maximum sentence, the court must give its reasons for imposing such a sentence. R.C. 2929.19(B)(2)(d). The sentencing court must make its findings regarding the maximum sentence and must give its reasons for those findings on the record at the sentencing hearing. State v. Howard, Fayette App. No. CA2003-01-001, 2004-Ohio-423, citing Comer, 99 Ohio St.3d 463, and State v. Newman,100 Ohio St.3d 24, 2003-Ohio-4754.
 {¶ 7} R.C. 2929.12(D) provides the recidivism factors for a sentencing court to consider, which include whether:
 {¶ 8} "* * *
 {¶ 9} "(2) The offender previously was adjudicated a delinquent child * * *, or the offender has a history of criminal convictions.
 {¶ 10} "(3) The offender * * * has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 11} "(4) The offender has demonstrated a pattern of drug or alcohol abuse related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse."
 {¶ 12} Appellant claims that the trial court did not adequately state findings to support imposing the maximum sentence. After reviewing the record, we disagree, and find that the trial court properly stated its findings to support the imposition of the maximum sentence.
 {¶ 13} At the sentencing hearing, the trial court stated on the record that: "[Appellant] was previously adjudicated to be a delinquent child in the State of Florida for robbery. [Appellant has] previously been convicted as an adult of receiving stolen property, escape, burglary and theft. After committing the offense in this case, [appellant] committed and [was] convicted of resisting arrest and theft. * * * [Appellant also] has aggravated robbery, robbery, and abduction charges that are pending in Hamilton County."
 {¶ 14} The trial court continued, stating: "[Appellant] has not responded favorably to rehabilitative treatment. * * * He has a long-standing history of abusing drugs including marijuana, cocaine, pills, LSD, methamphetamine, and heroine. * * * He has not responded favorably to sanctions previously imposed for criminal convictions as indicated by the fact that he's re-offended while on probation and parole. And he's continued to re-offend. * * * I have to find based on the record, which I think is rather clear, that he poses the greatest likelihood of recidivism. And, therefore, I will impose a stated prison term of five years in this case."
 {¶ 15} The record indicates the trial court made the finding that appellant poses the greatest likelihood of committing future crimes pursuant to R.C. 2929.14(C). To support that finding, the trial court considered appellant's lengthy criminal history, the fact that he has not responded favorably to previous sanctions imposed for his convictions, and his pattern of drug abuse related to his convictions. These are sufficient reasons to support the trial court's finding that appellant poses the greatest likelihood of committing future crimes. Therefore, the trial court did not err in imposing the maximum sentence. Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "The trial court erred in sentencing the defendant in excess of the term of imprisonment to which it could sentence the defendant based solely upon the fact of defendant's conviction, but instead, relied upon facts neither proven beyond a reasonable doubt nor admitted to by the defendant, in violation of the holding of Blakely v. Washington (2004), 542 U.S. ___, 124 S.CT. 2531, 159 L.ED.2D 403."
 {¶ 18} Appellant argues that the trial court violated the rule set forth in Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. Appellant maintains that his sentence should be vacated because the trial court, in imposing the maximum sentence, considered facts that were neither proved beyond a reasonable doubt nor admitted to by appellant. We disagree.
 {¶ 19} As this court held in State v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923, in applying the Supreme Court's holding inBlakely, along with its holdings in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, and U.S. v. Booker and U.S. v. Fanfan
(2005), ___ U.S. ___, 125 S.Ct. 738, the Ohio sentencing scheme is not unconstitutional with respect to the imposition of the maximum sentence pursuant to R.C. 2929.14. "The `statutory maximum,' or the maximum sentence a sentencing court may impose based on the facts reflected in the jury verdict, is the maximum sentence authorized in R.C. 2929.14."Combs, 2005-Ohio-1923 at ¶ 62. Therefore, once the trial court accepted appellant's guilty plea and found appellant guilty of a third-degree felony, the trial court was authorized to impose a sentence from one to five years. Id. at ¶ 59.
 {¶ 20} The provisions in R.C. 2929.14(B) limit the sentence a court may impose to the statutory range provided in R.C. 2929.14(A), and requires the court to impose an appropriate sentence in light of the offender's real conduct. Id. at ¶ 58. Like the Federal sentencing scheme as modified by the Supreme Court in Booker/Fanfan, "the Ohio sentencing scheme maintains a strong connection between the offender's real conduct and the sentence imposed, by allowing the sentencing court the discretion to consider facts related to the seriousness of the offense, theoffender's actual past and present conduct, and the likelihood ofrecidivism." (Emphasis added.) Id. at ¶ 53. As the Supreme Court stated in Booker/Fanfan, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." (Emphasis added.) Booker, 125 S.Ct. at 750. Appellant's second assignment of error is overruled.
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "The trial court erred in imposing a sentence which was disproportionately more severe to that imposed upon the co-defendant who was the principal offender, in violation of his constitutional rights to be free from cruel and unusual punishment, to the equal protection of the laws, and to due process of the law, as well as the mandate of R.C. § 2929.11(B)."
 {¶ 23} According to App.R. 16(A), which governs the contents of appellate briefs, "[t]he appellant shall include in its brief * * * [a]nargument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support ofthe contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." (Emphasis added.) App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16." See State v. Steele, Butler App. No. CA2003-11-276, 2005-Ohio-943.
 {¶ 24} Further, an appellate court may disregard an assignment of error where the litigant has not provided any substantive argument in its brief for its assignment of error. State v. Rivers (1977),50 Ohio App.2d 129; Nehls v. Quad-K. Advertising, Inc. (1995),106 Ohio App.3d 489. Accordingly, we will only address the issues raised in appellant's assignment of error and substantively argued in appellant's brief.
 {¶ 25} Appellant argues that his sentence is inconsistent with sentences imposed for similar crimes committed by similar offenders. Appellant maintains that his five-year sentence should be vacated because it is disproportionate to the three-year sentence imposed upon Stanley Jackson, the principal offender. We disagree.
 {¶ 26} An appellate court may not disturb a sentence unless the court finds, by clear and convincing evidence, that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); Statev. Stern (2000), 137 Ohio App.3d 110, 114; State v. Quinn (1999),134 Ohio App.3d 459, 462. A trial court is given broad discretion when sentencing within the confines of statutory authority. State v.Wright (1998), 126 Ohio App.3d 628, 632.
 {¶ 27} R.C. 2929.11(A) requires sentencing courts to be guided by the overriding purposes of protecting the public from future crime and punishing the offender. According to R.C. 2929.11(B), to achieve these purposes, "[a] sentence imposed for a felony shall be * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 28} Contrary to appellant's assertion, consistency does not necessarily mean uniformity. See State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, ¶ 10; State v. Donahue, Wood App. No. WD-03-083, 2004-Ohio-7161, ¶ 8, citing State v. Lathan, Lucas App. No. L-03-1188, 2004-Ohio-7074, ¶ 23 (reversed on other grounds). Rather, consistency aims at similar sentences. Ryan at ¶ 10. Consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh relevant statutory factors. Id.
 {¶ 29} As the Ninth Appellate District stated in State v. Quine,
Summit App. No. 20968, 2002-Ohio-6987, ¶ 12-13, "[c]onsistency requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of `consistency,' two defendants convicted of the same offense with a similar history of recidivism could properly be sentenced to different terms of imprisonment. * * * Thus, the only way for Appellant to demonstrate that his sentence was `inconsistent,' that is, contrary to law within the meaning of R.C. 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. 2929.12, R.C. 2929.13, and R.C. 2929.14. These sections, along with R.C. 2929.11 create consistency in sentencing."
 {¶ 30} After reviewing the record, we find that the trial court appropriately considered the overriding purposes of sentencing and imposed a sentence consistent with those imposed for similar crimes committed by similar offenders. Further, there is no requirement that co-defendant's receive equal sentences. State v. Lloyd, Lake App. No. 2002-L-069, 2003-Ohio-6417, ¶ 21. Nothing in the record indicates that the difference in appellant's sentence from that of the codefendant is a result of anything other than the individualized factors the court applied to appellant. See State v. Beasley, Cuyahoga App. No. 82884, 2004-Ohio-988, ¶ 23. Appellant's third assignment of error is overruled.
 {¶ 31} Judgment affirmed.
Walsh, P.J., and Young, J., concur.