DECISION AND JUDGMENT ENTRY
{¶ 1} Travis A. Smith appeals the judgment entry of the trial court effectively dismissing his petition for post-conviction relief. Smith contends that the trial court's dismissal violated his constitutional right to meaningful access to the courts, due process of law, and equal protection. Because we find that Smith failed to timely file his petition or demonstrate by clear and convincing evidence that: (1) he was unavoidably prevented from discovering facts necessary to present his claim; or (2) the United States Supreme Court recognized a new right that applies retroactively to his situation; and (3) but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted, we disagree. Accordingly, we dismiss this appeal for lack of jurisdiction.
 I. {¶ 2} On March 14, 2002, the grand jury indicted Smith for trafficking in cocaine in violation of R.C. 2925.03(A) (C)(4)(d), a third degree felony. Smith initially entered a plea of not guilty. He later amended his plea to guilty. On April 28, 2003, the trial court sentenced Smith to three years in prison. In sentencing Smith to a term in excess of the statutory minimum term, the trial court specifically found that Smith served a previous prison sentence for another crime.
 {¶ 3} In November 2003, Smith filed a pro se motion for judicial release and a motion requesting evaluation for a treatment based facility. The trial court denied both motions by separate entries on November 12, 2003. Smith filed separate appeals, which we consolidated in Case No. 03CA62. We then dismissed both branches of Smith's appeal for lack of a final appealable order.
 {¶ 4} Smith filed a third appeal on January 6, 2004, Case No. 04CA2, challenging the trial court's April 28, 2003 judgment entry sentencing him to three years in prison. We dismissed that appeal because Smith did not timely file it. Subsequently, Smith filed a motion for leave to file a delayed appeal in Case No. 04CA17, alleging that he did not file a timely appeal because he was unaware that he could appeal a guilty plea. We denied Smith's motion, holding that ignorance of the law is not a valid excuse for failure to file a timely appeal of right. We noted that most of the issues Smith wished to raise would be inappropriate on direct appeal because they would involve matters outside the record. Therefore, we suggested that a petition for post-conviction relief would be a more appropriate vehicle for Smith to pursue his claims.
 {¶ 5} On June 10, 2004, Smith filed a petition to vacate the trial court's April 28, 2003 judgment, alleging that the judgment was obtained in violation of his constitutional rights, including his right to effective assistance of counsel. Smith then moved the trial court to appoint counsel, conduct an evidentiary hearing, and order Smith's presence at said hearing. The trial court denied Smith's motion on November 8, 2004.
 {¶ 6} Smith appeals, raising the following assignments of error: "1) THE TRIAL COURT COMMITTED PREJUDICAL REVERSABLE ERROR, WHEN IT FAILED IN ITS LEGAL DUTY TO AFFORD THE [PETITIONER] HIS CONSTITUTIONAL RIGHT TO PETITION THE COURT FOR REDRESS OF GRIEVANCES. PURSUANT TO THE FIRST
AMENDMENT UNDER THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. 2) THE TRIAL COURT COMMITTED PREJUDICIAL REVERSABLE ERROR IN DENYING THE POST-CONVICTION PETITION, AS ALL STATE COURT JUDGES ARE BOUND BY [T]HE UNITED STATES CONSTITUTION, FEDERAL LAW AND ITS TREATIES."
 II. {¶ 7} In its brief, the state argues that Smith's petition for post-conviction relief was not timely filed, and, therefore, the trial court lacked jurisdiction to entertain the petition or grant the relief sought. Thus, the state contends that the trial court lacked jurisdiction to grant an evidentiary hearing, and that, in the absence of sufficient operative facts to entitle him to a hearing, Smith was not entitled to the appointment of counsel. We agree.
 {¶ 8} R.C. 2953.21 governs petitions for post-conviction relief. The statute permits any person convicted of a criminal offense to petition the sentencing court for relief for constitutional violations that render the judgment either void or voidable under the Ohio Constitution or the Constitution of the United States. R.C. 2953.21(A)(1)(a). A post-conviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment. State v. Calhoun
(1999), 86 Ohio St.3d 279, 281, citing State v. Steffen (1994),70 Ohio St.3d 399, 410, citing State v. Crowder (1991), 60 Ohio St.3d 151. There is no constitutional right to post-conviction review, and, therefore, a petitioner receives no more rights than those granted by the statute. Id.
 {¶ 9} R.C. 2953.21(A)(2) specifically provides that, if a person convicted of a criminal offense has not directly appealed his conviction, he must file his petition for post-conviction relief no later than one hundred eighty days after the expiration of the time for filing a direct appeal. Here, the trial court issued its sentencing entry on April 28, 2003. Accordingly, Smith's deadline for filing a direct appeal was May 28, 2003. App. R. 4(A). The deadline for filing his petition for post-conviction relief passed one hundred eighty days later, on November 24, 2003. R.C. 2953.21(A)(2). However, Smith did not file his petition for post-conviction relief until June 10, 2004 — more than six months after the statutory deadline.
 {¶ 10} Pursuant to R.C. 2953.23(A)(1), a court may only entertain an untimely petition for post conviction relief in two limited circumstances: "(1) where the petitioner was unavoidably prevented from discovering the facts that the petition is predicated upon or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right." State v. Beaver (1998),131 Ohio App.2d 458, 462.
 {¶ 11} Here, Smith's argument implies that he was unavoidably prevented from discovering the facts supporting his claim for relief because his counsel informed him, and R.C. 2929.20(B)(2) provides, that an offender may not file a motion for judicial release until he has served one hundred eighty days of his sentence. Thus, Smith claims he was unaware and unable to discover that his sentence did not comport with the promises his counsel allegedly made to induce his guilty plea until: (1) he served one hundred eighty days of his sentence; and (2) the trial court denied his motion for judicial release. This argument is without merit.
 {¶ 12} In his petition below, and in his briefs here, Smith contends that he received ineffective assistance of counsel because, inter alia: (1) his attorney induced him to enter his guilty plea with the promise that he would be sentenced to a drug treatment program and serve no prison time; (2) at sentencing, his attorney informed him that the terms of the plea agreement required him to serve one hundred eighty days of a three year prison sentence before the court would grant him judicial release; and (3) he was entitled to immunity because he testified before the grand jury in violation of his fifth amendment right against self incrimination.
 {¶ 13} Although Smith failed to request transcripts of any proceedings below in the context of this appeal, the record contains the trial court's journal entry regarding Smith's change of plea hearing. In that entry, the trial court states it specifically informed Smith that: (1) the maximum prison term he could receive was five years; (2) the court could also impose community control sanctions, including driver's license suspension, residential sanction of up to six months at a county jail, a community control facility, or halfway house; and (3) the court could impose financial sanctions, including up to a $7,500 maximum fine, restitution, reimbursement, and/or costs of prosecution.
 {¶ 14} Additionally, the trial court's entry states: "* * * the Assistant Prosecuting Attorney advised the Court of the underlying agreement upon which the plea is based, that being that [Smith] would also plead guilty to Breach of Recognizance Bond in Case Number 02-CR-292, but that charge will be dismissed by the state at the sentencing hearing provided [Smith] appears at the sentencing as scheduled. The state will not require [Smith] to testify in the co-defendant's case, but should [Smith] be subpoenaed by the co-defendant, he will testify truthfully as to the facts he admits herein. [Smith] agrees to testify at a session of the Washington County Grand Jury regarding the Breach of Recognizance issue and his failure to appear at jury trial on October 28, 2002. The State will also dismiss the Forfeiture of the Thunderbird automobile specification."
 {¶ 15} Thereafter, the trial court noted: "Whereupon, [defense counsel] advised the Court that the underlying agreement as recited by the Assistant Prosecuting Attorney was correct, after which [Smith] advised the Court that the underlying agreement as stated was correct, and further advised that there was no other promise or inducement to him by anybody to cause him to plead guilty to the charge of the Indictment herein."
 {¶ 16} Thus, despite Smith's current claims, the record reflects that Smith was aware that his plea agreement did not include the promise of: (1) a sentence to a drug treatment program with no prison time; (2) judicial release after he served one hundred eighty days of a three year prison sentence; or (3) immunity in exchange for his testimony before the grand jury. Therefore, Smith's claims that he was unavoidably prevented from discovering the facts supporting his claim for post-conviction relief beyond the one hundred eighty day time statutorily prescribed for the filing of such a petition are meritless.
 {¶ 17} In his reply brief, Smith also asserts that the United States Supreme Court's decisions in Blakely v. Washington (2004), 542 U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403; and United States v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621, constitute the Court's recognition of a new federal or state right that applies retroactively to persons in Smith's situation. Specifically, Smith argues that trial court erred by sentencing him to a three-year prison term when the statutory minimum sentence for his offense was only one year.
 {¶ 18} The sentencing scheme at issue in Blakely is a determinate scheme that mandates a particular sentence in response to particular sets of facts. Blakely, 124 S.Ct. at 2540. It then permits a trial judge to impose a sentence above the statutory maximum sentence if he finds "substantial and compelling reasons to justify an exceptional sentence." Id. at 2535. (Citation omitted.) In finding the Blakely sentencing scheme unconstitutional, the United States Supreme Court reaffirmed the rule it articulated in Apprendi, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." Blakely, 124 S.Ct. at 2536, quoting Apprendiv. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. The Blakely court noted that the prescribed statutory maximum sentence for Apprendi purposes is not "the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 124 S.Ct. at 2537.
 {¶ 19} Here, Ohio's sentencing scheme provides that the sentence for a third degree felony shall be one, two, three, four, or five years. R.C. 2929.14(A)(3). Then, R.C. 2929.14(B) creates a presumption in favor of the minimum prison term unless the trial court finds that a longer prison term is appropriate because: (1) the offender was serving a prison term at the time of the offense, or the offender previously had served a prison term; or (2) the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 20} Thus, Ohio's sentencing scheme is indeterminate in that it presents a range of sentences permissible for a given crime. Unlike the sentencing scheme at issue in Blakely, Ohio's sentencing scheme does not provide statutory exceptions that would allow the trial court to exceed the maximum punishment allowed for a third degree felony. "Put simply, the facts reflected in a jury verdict convicting a defendant of a third degree felony allow a sentence of up to five years. R.C. 2929.14(B) merely limits judicial discretion in sentencing within that range." Statev. Lucas, Marion App. No. 9-04-40, 2005-Ohio-1092.
 {¶ 21} The holding in Blakely is expressly inapplicable to indeterminate sentencing schemes. Blakely, 124 S.Ct. 2540. We have previously held that Blakely is inapplicable to the Ohio sentencing scheme. State v. Sideris, Athens App. No. 04CA37, 2005-Ohio-1055; Statev. Hardie, Washington App. No. 04CA23, 2004-Ohio-7277, discretionary appeal allowed, 105 Ohio St.3d 1498, 2005-Ohio-1666; State v. Scheer,158 Ohio App.3d 432, 2004-Ohio-4792; State v. Wilson, Washington App. No 04CA18, 2005-Ohio-830; State v. Ward, Washington App. No. 04CA25,2005-Ohio-1580.
 {¶ 22} The Supreme Court reiterated the importance of the distinction between determinate and indeterminate sentencing schemes when it appliedBlakely to the federal sentencing guidelines in Booker, stating: "We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. See Apprendi,530 U.S., at 481, 120 S.Ct. 2348; Williams v. New York, 337 U.S. 241, 246,69 S.Ct. 1079, 93 L.Ed. 1337 (1949). * * * For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Booker, 125 S.Ct. at 750. The Booker court held "we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.
 {¶ 23} We have previously determined that Blakely remains inapplicable in Ohio, even after Booker. See, Sideris, supra (affirming the trial court's judgment sentencing defendant to more than the minimum sentence because trial courts have broad discretion to impose sentences within the statutorily prescribed range, and the necessary findings are not the type traditionally reserved to a jury). See, also, Ward, and Wilson, supra. Other Ohio courts of appeal that have considered the issue agree with this conclusion. Id., citing State v. Trubee, Marion App. No. 9-036-5,2005-Ohio-552; State v. Abdul-Mumin, Franklin App. No. 04AP-485,2005-Ohio-522. See, also, State v. Montgomery, Clermont App. No. CA2004-06-047, 2005-Ohio-2371; State v. Burns, Summit App. No. 22198,2005-Ohio-1459. But, see, State v. Bruce, Hamilton App. No. C-040421,2005-Ohio-373, motion to certify allowed, 105 Ohio St.3d 1515,2005-Ohio-1880, appeal allowed, 105 Ohio St.3d 1516, 2005-Ohio-1880.
 {¶ 24} Here, the trial court sentenced Smith to a prison term in excess of the minimum term, but less than the maximum term for his offense as prescribed by R.C. 2929.14(A)(3). The trial court had the authority to do so because it found that Smith had previously served a prison term. R.C. 2929.14(B)(1). Even if Apprendi, Blakely, and Booker did apply here, they specifically permit a trial court to consider the defendant's prior conviction to increase the penalty for a crime within, and even beyond, the statutory range. Apprendi, 530 U.S. at 490;Blakely, 124 S.Ct. at 2536; Booker, 125 S.Ct. at 756. Accordingly, we conclude that Smith's argument that Blakely and Booker constitute the United States Supreme Court's recognition of a new federal or state right that applies retroactively to persons in Smith's situation is without merit.
 {¶ 25} Furthermore, Smith cannot satisfy the requirement of R.C. 2953.23(A)(2) that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense for which he was convicted because Smith was convicted pursuant to his own guilty plea, not by reason of trial. See, e.g., State v. Halliwell (1999),134 Ohio App.3d 730, 735.
 {¶ 26} Based upon the foregoing, we conclude that the trial court lacked subject matter jurisdiction over Smith's petition for post-conviction relief, and, therefore, lacked jurisdiction to grant Smith an evidentiary hearing. Additionally, we note that an indigent petitioner like Smith has neither a state nor a federal constitutional right to the representation of counsel in a post-conviction proceeding. Crowder, supra at 152. Pursuant to R.C. 120.16(A)(1) and (D), the county public defender is not required to prosecute any post-conviction remedy unless he "is first satisfied that there is arguable merit to the proceeding." InCrowder, the Ohio Supreme Court held that the public defender statute only requires the appointment of counsel for post-conviction proceedings if: (1) the trial court determines the petitioner's allegations warrant an evidentiary hearing; and (2) the public defender determines that the petitioner's allegations have arguable merit. Crowder at paragraphs one and two of the syllabus.
 {¶ 27} Accordingly, we dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment only.