OPINION
{¶ 1} Defendant-appellant, Michael W. Buckley, appeals the sentence imposed by the Madison County Court of Common Pleas after his conviction for illegal conveyance of drugs onto the grounds of a detention facility. We affirm appellant's conviction.
 {¶ 2} On February 2, 2003, appellant visited his former cellmate, Harold Hammond, at London Correctional Institution ("LCI"). Investigators at LCI videotaped the visit, as appellant attempted to place a small balloon into a corn chip bag that Hammond was holding. The investigators then confiscated the bag and balloon, tested the substance inside the balloon, and discovered that the substance was marijuana.
 {¶ 3} Appellant was charged with illegal conveyance of drugs onto the grounds of a detention facility in violation of R.C.2921.36(A)(2). On May 2, 2003, appellant pleaded guilty to the charge, but appellant failed to appear for the sentencing hearing on July 25, 2003 and the trial court issued a capias for appellant's arrest. After appellant was apprehended, the trial court sentenced appellant to serve a four-year prison sentence and three years of post-release control. Appellant appeals his sentence, raising two assignments of error.
 {¶ 4} In his first assignment of error, appellant argues that his sentence should be reversed because it is inconsistent with sentences imposed for similar crimes committed by similar offenders. We disagree.
 {¶ 5} An appellate court may not disturb a sentence unless the court finds, by clear and convincing evidence, that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); State v. Stern (2000), 137 Ohio App.3d 110,114; State v. Quinn (1999), 134 Ohio App.3d 459, 462. A trial court is given broad discretion when sentencing within the confines of statutory authority. State v. Wright (1998),126 Ohio App.3d 628, 632.
 {¶ 6} R.C. 2929.11(A) requires sentencing courts to be guided by the overriding purposes of protecting the public from future crime and punishing the offender. According to R.C. 2929.11(B), to achieve these purposes, "[a] sentence imposed for a felony shall be * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 7} This court has previously rejected the argument that consistency in sentencing requires uniformity. See State v.Montgomery, Clermont App. No. CA2004-06-047, 2005-Ohio-2371, reversed on other grounds, 109 Ohio St.3d 313, 2006-Ohio-2109. InMontgomery, we held that consistency in sentencing "aims at similar sentences" and "accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh relevant statutory factors." Id. at ¶ 28. Citing the Ninth Appellate District, we held, "[c]onsistency requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of `consistency,' two defendants convicted of the same offense with a similar history of recidivism could properly be sentenced to different terms of imprisonment. * * * Thus, the only way for Appellant to demonstrate that his sentence was `inconsistent,' that is, contrary to law within the meaning of R.C. 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. 2929.12, R.C. 2929.13, and R.C. 2929.14. These sections, along with R.C. 2929.11 create consistency in sentencing." Id. at ¶ 29, citing State v. Quine,
Summit App. No. 20968, 2002-Ohio-6987, ¶ 12-13.
 {¶ 8} Since we decided Montgomery, the Ohio Supreme Court decided State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, in which it found certain portions of the Ohio felony sentencing scheme unconstitutional according to the U.S. Supreme Court decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. Among the provisions found unconstitutional were sections of R.C. 2929.14, which we utilized in decidingMontgomery. As a result of the severance of these provisions from Ohio's felony sentencing scheme, judicial fact-finding prior to the imposition of a sentence within the basic range of R.C.2929.14(A) is no longer required. Foster at paragraphs two and four of the syllabus. See, also, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 9} Further, in Foster at ¶ 100, the Court stated:
 {¶ 10} "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. By vesting sentencing judges with full discretion, it may be argued, this remedy vitiates S.B. 2's goals, particularly with respect to reducing sentencing disparities and promoting uniformity.
* * * It may well be that in the future the Ohio Criminal Sentencing Commission may recommend Blakely-compliant statutory modifications to the General Assembly that will counteract these, among other, concerns. Nevertheless, we are constrained by the principles of separation of powers and cannot rewrite the statutes."
 {¶ 11} Here, appellant's sentence is within the basic range authorized by R.C. 2929.14, and the record indicates that at sentencing, the trial court considered the appropriate statutory guidelines, along with the presentence investigation report and mitigating evidence. Appellant's first assignment of error is overruled.
 {¶ 12} In appellant's second assignment of error, he argues that the trial court failed to comply with R.C. 2929.12(C)(4) by not considering appellant's mental illness as a mitigating factor in imposing the sentence. Again, we disagree.
 {¶ 13} At the sentencing hearing, the trial court indicated that it had reviewed the presentence investigation report and several letters appellant had written to the court, which referenced appellant's mental illness. Moreover, when given the opportunity to offer anything further in mitigation, appellant did not raise the issue of his mental illness. Accordingly, we find no error related to the trial court's consideration of appellant's mental illness. Appellant's second assignment of error is overruled.
 {¶ 14} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.