OPINION
{¶ 1} Defendant-appellant, Howard L. Fletcher, appeals the prison sentence imposed by the Butler County Court of Common Pleas for appellant's drug trafficking and drug-related offenses.
 {¶ 2} Appellant pled guilty to eight criminal counts, which included trafficking in drugs, possession of drugs, and having weapons under disability, under an agreement with the prosecution that most of the prison terms would be concurrent and the length of his sentence *Page 2 
would be determined by the imposition of prison time for three counts. Those three counts involved a felony of the second degree and two third-degree felony counts. Two of those three offenses involved drug transactions within the vicinity of a school or in the vicinity of a juvenile and required mandatory prison time. The trial court informed appellant at the plea hearing that he was facing potentially 18 years in prison for the three offenses under the "worst case scenario."
 {¶ 3} The trial court imposed a seven-year term on the second-degree felony and a term of fours years for each of the third-degree felonies. The trial court ordered all three prison terms to run consecutively, for a total of 15 years.
 {¶ 4} Appellant appealed his sentence, setting forth one assignment of error, which appellant originally designated as his second assignment of error before he withdrew his delineated first assignment of error.[1]
 {¶ 5} Appellant's assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN SENTENCING FLETCHER TO A FIFTEEN YEAR TERM[.]"
 {¶ 7} Appellant argues that the "sparse" record fails "to support a holding that the sentence was consistent with similarly situate offenders."
 {¶ 8} Trial courts have full discretion to impose a prison sentence within the statutory range. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, ¶ 100 (courts shall consider portions of sentencing code unaffected by the Foster decision and impose any sentence within the appropriate felony range; if offender is sentenced to multiple terms, the court is not barred from requiring those terms to be served consecutively).
 {¶ 9} R.C. 2929.11(A) requires sentencing courts to be guided by the overriding *Page 3 
purposes of protecting the public from future crime and punishing the offender. According to R.C. 2929.11(B), to achieve these purposes, a sentence imposed for a felony shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. State v. Buckley, Madison App. No. CA2005-05-020, 2006-Ohio-4322, ¶ 6.
 {¶ 10} The trial court in the case at bar indicated that it had considered the purposes of felony sentencing, the seriousness and recidivism factors, the presentence investigation report ("PSI"), and all statements made at the sentencing hearing.
 {¶ 11} The PSI contained appellant's extensive criminal history, which appellant argued, showed no felony convictions since 1995. The information in the PSI indicated that appellant was involved with the criminal justice system and incarcerated in prison in the 1990s for selling or possessing drugs and carrying weapons. Information in the PSI also indicated that another criminal charge against appellant was dropped after it was determined that appellant acted in self defense when he killed a man trying to rob appellant of drugs in 1993.
 {¶ 12} At the sentencing hearing, appellant expressed remorse for his current criminal activities. Appellant's counsel told the trial court that appellant was a family man who turned again to crime because he owed thousands of dollars in back taxes for his audio business and nearly $9,000 in child support.
 {¶ 13} We note that consistency in sentencing does not necessarily mean uniformity, but accepts divergence within a range of sentences.State v. Todd, Franklin App. No. 06AP-1208, 2007-Ohio-4307, ¶ 28. An appellate court's task is to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice.State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, ¶ 10. Although offenses may be similar, distinguishing factors may justify dissimilar sentences. Id. *Page 4 
 {¶ 14} We have reviewed the record before us in accordance with the law and appellant's arguments and find no merit to appellant's contentions. Appellant's single assignment of error is overruled.
 {¶ 15} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] Appellant initially raised additional issues dealing with his indictment in his first assignment of error, but withdrew the first assignment of error after this case was submitted. *Page 1