OPINION *Page 2 
{¶ 1} Appellant Alex J. Clark appeals from the denial of his request for postconviction relief in the Stark County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} As a result of a two-vehicle collision on February 18, 2006, appellant was indicted on one count of aggravated vehicular assault and one count of operating under the influence of alcohol. Appellant initially pled not guilty and obtained counsel. On September 11, 2006, appellant changed his plea to guilty as to both counts.
 {¶ 3} On October 20, 2006, following a presentence investigation, the trial court sentenced appellant to two years in prison on count one, and six months on count two, to be served concurrently.
 {¶ 4} On June 20, 2007, appellant filed a petition for post-conviction relief. The trial court reviewed the petition and issued a judgment entry on June 26, 2007, denying same.
 {¶ 5} On July 18, 2007, appellant filed a notice of appeal of the judgment entry denying his postconviction petition. The case was thereafter placed on this Court's accelerated docket. He herein raises the following six Assignments of Error:
 {¶ 6} "I. TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S POST-CONVICTION (SIC), PURSUANT TO O.R.C. § 2953.23(A)(a) (SIC). DENYING APPELLANT DUE PROCESS OF LAW, IN VIOLATION OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 7} "II. TRIAL COURT ERRED AS A MATTER OF LAW, WHEN IT REFUSED TO REVIEW THE NEWLY DISCOVERED EVIDENCE IN ITS ENTIRELY *Page 3 
(SIC). DEPRIVING THE APPELLANT OF HIS DUE PROCESS RIGHTS, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 8} "III. APPELLANT LACKED EFFECTIVE ASSISTANCE OF COUNSEL, THROUGH OUT THE JUDICIAL PROCESS, RESULTING IN AN IN AN (SIC) INVALID PLEA AGREEMENT, IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I § 10 OF THE OHIO CONSTITUTION.
 {¶ 9} "IV. THE INVESTIGATING TROOPER AT THE SCENE OF THE ACCIDENT, COMMITTED BIAS THROUGH STEREO-TYPING (SIC) THE APPELLANT, AND FAILING TO INVESTIGATE BOTH DRIVER'S (SIC), BEFORE DETERMING (SIC) THE RESULTS, THIS PROCESS DENYING THE APPELLANT OF THE DUE PROCESS OF THE LAW, GUARANTEED UNDER THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 10} "V. APPELLANT WAS DEPRIVED OF HIS 14TH AMENDMENT, DENYING HIM DUE PROCESS OF THE LAW, WHEN HE WAS INDICTED UPON INSUFFICIENT EVIDENCE, AS THE GRAND JURY DID NOT HAVE ENOUGH OR SIGNIFICANT EVIDENCE, AND WITHHELD FROM REVIEWING CREDIBLE EVIDENCE.
 {¶ 11} "VI. THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEN IT ACCEPTED A PLEA BARGAIN, WHEN THE PLEA WOULD JEOPARDIZE THE `DOUBLE JEOPARDY CLAUSE'; AND WHEN THE COURT IMPOSED A SENTENCE BEYOND THE MINIMUM SENTENCE FOR A FIRST TIME OFFENDER, VIOLATING HIS DUE PROCESS RIGHTS, GUARANTEED BY THE 14TH AMENDMENT OF THE *Page 4 
UNITED STATES CONSTITUTION: AND THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION."
 I., II., III., V. {¶ 12} In his First, Second, Third, and Fifth Assignments of Error, appellant argues the trial court erred by denying his petition for post-conviction relief, where appellant had alleged he was denied pre-trial access to medical evidence about the accident victim. We disagree.
 {¶ 13} As an initial matter, we note the pertinent jurisdictional time requirements for a postconviction petition are set forth in R.C.2953.21(A)(2) as follows: "Except as otherwise provided in section2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 14} In order for a trial court to recognize an untimely or successive postconviction petition pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:
 {¶ 15} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States *Page 5 
Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 16} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 17} A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C.2953.23(A). State v. Demastry, Fairfield App. No. 05CA14,2005-Ohio-4962, ¶ 15. Here, appellant filed his postconviction petition on June 20, 2007, pertaining to his guilty plea and sentence of October 20, 2006. His petition is thus facially untimely; however, appellant appears to argue that he was "unavoidably prevented" from discovery of hospital drug test records of the driver of the other automobile. See R.C. 2953.23(A)(1)(a), supra.
 {¶ 18} The record reveals the State filed a "receipt of discovery" with the trial court on June 19, 2006, which had been signed by appellant's trial counsel, showing that medical records for the accident victim had been provided to the defense. Appellant's attempt to meet R.C. 2953.23(A)(1)(a) is thus not supported by the record. Furthermore, under the circumstances of this case, appellant cannot satisfy the additional requirement found in R.C. 2953.23(A)(1)(b), supra, (i.e., "* * * but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense * * *"), because appellant was convicted based on his entry of a guilty plea to the charges in the indictment. See, e.g., State v. Smith, Washington App. No. 04CA47, 2005-Ohio-4910, ¶ 25, citing State v. Halliwell (1999),134 Ohio App.3d 730, 735, 732 N.E.2d 405. *Page 6 
 {¶ 19} Accordingly, appellant's First, Second, Third, and Fifth Assignments of Error are overruled.
 IV., VI. {¶ 20} In his Fourth and Sixth Assignments of Error, appellant appears to argue that postconviction relief should have been granted on the grounds that the investigating trooper was biased and that appellant's plea bargain and sentence violated his constitutional rights. We disagree.
 {¶ 21} We note appellant's petition failed to provide any additional materials in support of these claims. "When a defendant fails to append to his postconviction relief petition evidence dehors the record, his motion may be barred on res judicata grounds, because the issue could be fully determined by evidence on the record, which is appropriately brought by virtue of a direct or delayed appeal." State v.Williams, Cuyahoga App. No. 85858, 2005-Ohio-4422, ¶ 10, citing State v.Combs (1994), 100 Ohio App.3d 90, 97, 652 N.E.2d 205.
 {¶ 22} Appellant's Fourth and Sixth Assignments of Error are therefore overruled based on res judicata.
 {¶ 23} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 By: Wise, J. Hoffman, P. J., and Farmer, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1