OPINION
{¶ 1} Defendant-appellant, Deana Nicholas, appeals her conviction and sentence in the Butler County Court of Common Pleas of four counts of complicity to aggravated robbery and one count of obstructing justice. We affirm the decision of the trial court.
 {¶ 2} On the night of May 3, 2006, appellant, Caleb Schreiber, Joshua Schreiber, Ken Pennington, Elizabeth Deaton, and appellant's sister Mindy were at Mindy's house. Mindy called her friend, Nicholas Malloy, to invite him and his friends to come over to the *Page 2 
house for a party. Mindy implied that only females were present at the house and that they would engage in sexual activity. Appellant then got on the phone to encourage them and also suggested that Malloy bring some marijuana. When Malloy arrived with his three friends, appellant "felt their crotches" and they all went toward the back porch where Malloy and his friends discovered that other males were present. Everyone then went into the living room. Joshua asked Caleb and Ken to come into the kitchen to speak with them. At one point, appellant was also in the kitchen with the three males and heard them talk about "getting" Malloy and his friends. Then Malloy and his friends started to become uneasy with the situation and decided to leave. As they walked towards the door, Caleb pulled out a gun, cocked it, and instructed Malloy and his friends to lie on the ground and empty their pockets.
 {¶ 3} The police were called by a neighbor and were informed that a disturbance was occurring at Mindy's residence. Two officers were dispatched to the scene. As the officers approached the door, they heard appellant say "empty your pockets." After observing the police officers at the front door, Joshua, Caleb, and Ken ran out the back door. According to the officers, appellant initially attempted to deceive the police by stating that the victims had guns and were the individuals who committed the robbery. After speaking with the victims, they informed the officers that they had actually been robbed and appellant assisted with the robbery, demanding that the victims empty their pockets.
 {¶ 4} Appellant was questioned at the police station and changed her story several times. Eventually appellant signed a written statement, admitting that a robbery had occurred, she demanded the victims "empty your pockets," and also threw the telephone off the back porch so that it could not be used. Additionally, Detective Hayes interviewed Caleb. Caleb asked if he could give appellant a hug. During rebuttal, Det. Hayes testified that he asked appellant if she would be willing to give Caleb a hug. According to Det. Hayes, appellant responded that would be "okay with her and that would be fine." Det. Hayes *Page 3 
allowed appellant to see Caleb briefly; the pair hugged and kissed each other for a few minutes.
 {¶ 5} Following a jury trial, appellant was convicted of four counts of complicity to aggravated robbery, a felony of the first degree, and one count of obstructing justice, a felony of the third degree. Appellant was sentenced to seven years on each aggravated robbery count plus an additional three-year term for a firearms specification, with each count to be concurrent. The trial court also imposed a concurrent term of four years for obstructing justice. Appellant filed a motion for new trial on the basis that the state violated Crim.R. 16(B) by failing to disclose the statement attributed to appellant by Det. Hayes. The trial court denied appellant's motion. Appellant timely appeals, raising four assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO GRANT HER A NEW TRIAL."
 {¶ 8} In her first assignment of error, appellant argues that the state violated Crim.R. 16(B) by failing to disclose the statement of Det. Hays that was attributed to appellant. Appellant argues that she is entitled to a new trial due to this omission.
 {¶ 9} Generally, the decision to grant or deny a motion for a new trial is within the sound discretion of the trial court and should not be disturbed on appeal absent a showing of abuse of discretion.State v. Scheibel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus.
 {¶ 10} Crim.R. 16(B) requires, in pertinent part, "Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney: (ii) Written summaries of any oral statement, or *Page 4 
any copies thereof, made by the defendant or co-defendant * * *."
 {¶ 11} The Supreme Court of Ohio has held that "prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefitted the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." State v. Joseph, 73 Ohio St.3d 450,458, 1995-Ohio-228.
 {¶ 12} In this case, there was no willful violation by the prosecution. The state first learned of the information from Det. Hayes during the testimony of appellant. Further, appellant did not object to the rebuttal testimony of Det. Hayes during the trial, nor did appellant request a continuance. Appellant's only objection was made in a motion for new trial, after the testimony had been given and evaluated by the jury. The trial court determined the testimony was proper as rebuttal, and mostly testimony of appellant's conduct. In addition, appellant admitted on cross-examination that she gave Caleb a hug at the police station. Appellant testified, "An officer said that Caleb wants to hug you and I said I don't want to hug him. And yeah, I did change my mind and hug him." Accordingly, we find no abuse for failing to grant a new trial.
 {¶ 13} Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT PROPERLY REFUSED TO ADMIT A CO-DEFENDANT'S STATEMENT INTO EVIDENCE."
 {¶ 16} In her second assignment of error, appellant argues the trial court erred by refusing to admit a statement written by Caleb into evidence because it was hearsay. The statement at issue is Caleb's version of the events, claiming that he was concerned that the victims might have weapons, so he put a gun in his pants; things got out of control and when the victims decided to leave he pulled out his gun and "told them to quit fighting and chill out." *Page 5 
In the letter Caleb stated, "the girls were saying `this ain't cool' and shit like that" and the girls started taking their kids out of the house.
 {¶ 17} "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Generally, hearsay is not admissible during trial absent an exception. Evid.R. 802.
 {¶ 18} Evid.R. 804(B)(3) provides that a statement against interest is not excluded by the hearsay rule if the declarant is unavailable as a witness. A statement is admissible under Evid.R. 804(B)(3) if the declarant: (1) was unavailable to testify at trial; (2) the confession tended to subject them to criminal liability such that a reasonable person in their position would not have made the confession unless they believed it to be true; and (3) corroborating circumstances clearly indicate the trustworthiness of the confession. State v. Durant (2004)159 Ohio App.3d 208, ¶ 15. A decision whether or not to admit the hearsay statement of an unavailable declarant as a statement against interest is within the discretion of the trial court. See State v.Sumlin, 69 Ohio St.3d 105, 1994-Ohio-508.
 {¶ 19} In this case, Caleb was unavailable as a witness because he had invoked his Fifth Amendment privilege. However, the statement was not a declaration against his penal interest, nor did the statement have any indicia of reliability or truthfulness. Although Caleb admitted to having a gun, his statement indicated that he was not the aggressor and only pulled out the gun to protect himself. Further, Caleb's statement does not admit to asking the victims to empty their pockets, making plans to rob them, or anything else involving a robbery. Further, the portion of the statement that is relevant to this case, that "the girls were saying this ain't cool," is itself inadmissible. See Williamson v.United States (1994), 512 U.S. 594, 600-601, 114 S.Ct. 2431 (the rule "does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory. * * * We see no reason why collateral statements * * * should be treated any differently from *Page 6 
other hearsay statements that are generally excluded"); see, also,State v. Carpenter (2003), 122 Ohio App.3d 16; State v. Anderson (2003),154 Ohio App. 3d 789.
 {¶ 20} Appellant's second assignment of error is overruled.
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW HER TO INTRODUCE HER OUT-OF-COURT STATEMENT INTO EVIDENCE."
 {¶ 23} Appellant argues in her third assignment of error that the trial court erred by refusing to allow her to admit a letter that she wrote to the court while in jail as a prior consistent statement.
 {¶ 24} A trial court's decision excluding evidence will not be reversed absent an abuse of discretion. State v. Hancock,108 Ohio St.3d 57, 2006-Ohio-160, ¶ 122.
 {¶ 25} Evid.R. 801(D)(2) states that a prior statement of by a witness is not hearsay if:
 {¶ 26} "The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is (a) inconsistent with declarant's testimony, and was given under oath subject to cross-examination by the party against whom the statement is offered and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive, or (c) one of identification of a person soon after perceiving the person, if the circumstances demonstrate the reliability of the prior identification."
 {¶ 27} What the rule permits is the "rehabilitation of a witness * * * by admitting into evidence a consistent statement made by the witness prior to the time of the suggested invention or of the emergence of the motive or influence to invent or falsify, as tending to rebut the charge." Motorists Mutual Ins. Co. v. Vance (1985), 21 Ohio App.3d 205,207. The *Page 7 
United State Supreme Court has held that consistent out-of-court statements be "made before the charged recent fabrication or improper influence or motive." Tome v. United States (1995), 513 U.S. 150, 167. This court has consistently held that a prior consistent statement must be made before any motive or influence to falsify testimony. SeeState v. Bock (1984), 16 Ohio App.3d 146; State v. Leach, Clermont App. No. CA2000-05-033, 2001-Ohio-4230; State v. Glossip, Warren App. No. CA2006-04-040, 2007-Ohio-2066.
 {¶ 28} We find no abuse by the trial court in not allowing appellant's letter to be admitted into evidence. Appellant's letter was written a month after the robbery. Appellant had been indicted, arrested, arraigned, and was in jail at the time. The motive to falsify testimony had already arisen. Further, appellant was given the opportunity to testify regarding the letter at trial. Accordingly, there is no basis for allowing appellant's self-serving letter to be admitted into evidence.
 {¶ 29} Appellant's third assignment of error is overruled.
 {¶ 30} Assignment of Error No. 4:
 {¶ 31} "THE COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ISSUED A SENTENCE DISPROPORTIONATE TO THE OTHER CO-DEFENDANTS."
 {¶ 32} Appellant argues the trial court erred by sentencing her to a longer term of imprisonment than her co-defendants. Appellant states that her co-defendants received sentences of three years (Ken Pennington), six years (Caleb Schreiber), and seven years (Josh Schreiber). Specifically, appellant mentions that she is 21 years old, has a year-and-a-half-old son, is currently pregnant, has no previous criminal record other than a petty theft conviction, and that her sentence should be consistent with other sentences imposed for similar crimes. Further, appellant argues that the sentence has the effect of punishing appellant for exercising her right to trial and the trial court's statement that appellant has *Page 8 
refused to accept responsibility is unreasonable because appellant "did express her remorse at the sentencing hearing and clearly indicated to the court that she did accept responsibility."
 {¶ 33} Trial courts have full discretion to impose sentences within the statutory range. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. An appellate court must find by clear and convincing evidence that a sentence is contrary to law or unsupported by the record to disturb a sentence. State v. Buckley, Madison App. No. CA2005-05-020,2006-Ohio-4322, ¶ 5. An unlawful sentence is one that is outside the authorized range of the statute. Id.
 {¶ 34} R.C. 2929.11(B) states that a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders." Consistency in sentencing does not require uniformity. Buckley at ¶ 7.
 {¶ 35} We find no abuse by the trial court in this case as the trial court used the proper standards in sentencing appellant. See State v.Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083. Appellant's fourth assignment of error is overruled.
 {¶ 36} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1